Citation Nr: 1448551 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-02 891 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to an initial compensable rating for bilateral hearing loss.


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. M. Kirby, Counsel


INTRODUCTION

The Veteran served on active duty from March 1968 to October 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. Jurisdiction rests with the RO in Los Angeles, California, from which the appeal was certified. 

The Veteran testified at a March 2013 Board hearing held by videoconference from the RO. A transcript of that hearing is associated with the claims file. At that hearing, the Veteran asked that the record be held open for 60 days so that he could submit private medical evidence. The record was held open for that period; the record does not reflect that the Veteran submitted this evidence.

Review of the record reveals that there has been substantial compliance with the directives of the Board's April 2014 remand; an additional remand is not required. See Stegall v. West, 11 Vet. App. 268 (1998).

The issues of entitlement to service connection for dizziness and/or vertigo, to include as one for compensation under the provisions of 38 U.S.C.A. § 1151, as well as whether new and material evidence has been submitted to reopen the issue of entitlement to service connection for residuals of right tympanic membrane perforation, were raised during the Veteran's March 2013 Board hearing, and referred by the RO in its April 2014 remand. However, review of the record does not show that any action has been taken by the Agency of Original Jurisdiction (AOJ). They are again are referred to the AOJ for appropriate action.


FINDING OF FACT

The Veteran's hearing loss, at worst is manifested by Level VII hearing acuity in the right ear and by Level I hearing acuity in the left ear.

CONCLUSION OF LAW

The criteria for an initial compensable rating for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5103A, 5107 (West 2002); 38 C.F.R. §§ 4.85, 4.86, Diagnostic Code 6100 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2014). A May 2009 letter satisfied the duty to notify provisions, to include notifying the Veteran of regulations pertinent to the establishment of an effective date and of the disability rating. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b) (1); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

The Veteran's service treatment records, VA medical treatment records, and identified private medical records have been obtained; the Veteran has not identified any private/VA treatment records pertinent to his/her appeal. 38 U.S.C.A. § 5103A, 38 C.F.R. § 3.159. The record does not reflect that the Veteran is in receipt of disability benefits from the Social Security Administration. 38 C.F.R. § 3.159 (c) (2); Golz v. Shinseki, 590 F.3d 1317, 1320-21 (Fed. Cir. 2010). Notwithstanding the Veteran's assertions in his September 2009 notice of disagreement and at the March 2013 Board hearing, the Board finds that the June 2009 fee-based and December 2011 VA examinations are adequate for rating purposes. Barr v. Nicholson, 21 Vet. App. 303, 307 (2007); 38 C.F.R. § 3.159(c) (4). The examinations are adequate because the Veteran's symptoms were described in sufficient detail, so that the Board's evaluation of the disability is a fully informed one. Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007). The December 2011 VA examiner elicited from the Veteran comments concerning his situations of greatest hearing difficulty, which the Veteran identified as difficulty dealing with the public, and hearing anything out of his right ear. The audiology examiner also conducted complete audiograms and word recognition testing. Martinak v. Nicholson, 21 Vet. App. 447, 455-56 (2007).

Additionally, the Veteran was scheduled for a VA examination in June 2014, but he did not report. The record reflects that VA staff attempted to contact the Veteran by phone in early June 2014, by letter and by phone in mid-June 2014, and then by phone again later in the month, all prior to scheduled examination. Not until early August 2014 did the Veteran contact VA and indicate that he never received notice of the examination. Finally, the record reflects that the Veteran's address as reported in August 2014 was the same address to which the April 2014 BVA remand and the April 2014 duty to assist letter were sent. The usual procedures were followed in mailing the examination notification letter to the Veteran at his address of record, and there is no indication that the Veteran did not otherwise receive notification of the scheduled examination. Moreover, to date the Veteran has not indicated that he would report for another VA examination. Therefore, notwithstanding the Veteran's contentions, the Board finds that the presumption of regularity applies. Mindenhall v. Brown, 7 Vet. App. 271 (1994) (discussing the applicability of the presumption of regularity to RO actions); see also Ashley v. Derwinski, 2 Vet. App. 307 (1992). The Court has specifically held that a statement of an appellant, standing alone, is not sufficient to rebut the presumption of regularity in RO operations. See Jones v. West, 12 Vet. App. 98, 100 (1998); Ashley, 2 Vet. App. at 64-65. 

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) recently held that 38 C.F.R. § 3.103(c)(2) requires that the Veterans Law Judge (VLJ) or Acting Veterans Law Judge (AVLJ) who conducts a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the Board hearing the VLJ noted the elements that were lacking to substantiate the Veteran's claim. The Veteran was assisted at the hearing by an accredited representative who with the VLJ asked questions to ascertain the Veteran's disability's history and severity. The record does not reflect that pertinent evidence that would substantiate the claim was identified by the Veteran or the representative. The hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c) (2).

Review of the record does not indicate that additional evidence pertinent to the issue adjudicated in this decision is available, but not associated with the claims file. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). As there is no indication VA did not provide sufficient notice or assistance, such that it reasonably affects the outcome of the case, the Board finds that any such lack of sufficient notice is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders/Simmons, 129 S. Ct. 1696 (2009). 

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities (Schedule), which is based on the average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. Pertinent regulations do not require that all cases show all findings specified by the Schedule, but that findings sufficient to identify the disease and the resulting disability and above all, coordination of the rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21; see also Mauerhan v. Principi, 16 Vet. App. 436 (2002). 

The primary concern in a claim for an increased evaluation for service-connected disability is the present level of disability. Although the overall history of the disability is to be considered, the regulations do not give past medical reports precedence over current findings. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, when an appeal is based on the assignment of an initial rating for a disability, following an initial award of service connection for this disability, the rule articulated in Francisco does not apply. Fenderson v. West, 12 Vet. App. 119 (1999). Instead, the evaluation must be based on the overall recorded history of a disability, giving equal weight to past and present medical reports. Id. VA has a duty to consider the possibility of assigning staged ratings in all claims for increase. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests together with the average hearing threshold as measured by pure tone audiometric tests. To evaluate the degree of disability resulting from service-connected hearing loss, the Schedule establishes eleven levels of impaired efficiency, numerically designated from Level I to Level XI. Level I represent essentially normal hearing acuity for VA compensation purposes, with hearing loss increasing with each level to the profound deafness represented by Level XI. 38 C.F.R. § 4.85, Tables VI, VII. The June 2009 rating decision recognized the diagnoses of bilateral hearing loss in the record, to include at the June 2009 fee-based examination, and granted service connection for bilateral hearing loss and assigned a noncompensable rating.

At the June 2009 fee-based examination, speech audiometry revealed speech recognition ability of 80 percent in the right ear, and 100 percent in the left ear; pure tone thresholds were as follows:


500 Hz
1000 Hz
2000 Hz
3000 Hospitalization
4000 Hz
RIGHT
75
65
65
75
85
LEFT
20
25
25
35
45

At the December 2011 VA examination, speech audiometry revealed speech recognition ability of 100 percent in each ear; pure tone thresholds were as follows:


500 Hz
1000 Hz
2000 Hz
3000 Hospitalization
4000 Hz
RIGHT
90
70
65
90
105
LEFT
30
40
30
45
55

Further, the record contains a May 2013 private audiologist evaluation report. Although the pure tone decibel loss results are clearly charted, and thus can be interpreted by laypersons, the report does not reflect that word recognition testing was completed and are not adequate for rating purposes. 38 C.F.R. § 4.85.

The provisions of 38 C.F.R. § 3.655 address the consequences of a claimant's failure to attend scheduled medical examinations. That regulation provides that, when entitlement to a benefit cannot be established or confirmed without a current VA examination and a claimant, without "good cause" fails to report for such examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. 38 C.F.R. § 3.655. Earlier in this decision, the Board has found that the presumption of regularity applied with respect to the notice to the Veteran of the scheduled June 2014 VA examination. Because he did not report for this examination, scheduled in conjunction with his claim for a higher initial rating which is a downstream issue from his original claim for compensation, his claim will be rated on the evidence of record. Id.

Applying the rating criteria to the findings obtained at the June 2009 fee-based examination results in numeric designations of a Level IV hearing acuity for the right ear and a Level I hearing acuity for the left ear. See 38 C.F.R. § 4.85, Table VI. Applying these numeral designations to Table VII results in a noncompensable rating for bilateral hearing impairment. 38 C.F.R. §§ 3.385, 4.85(f), (h). Similarly, applying the rating criteria from the December 2011 VA examination results in numeric designations of Level III hearing acuity for the right ear, and a Level I hearing acuity for the left ear. Id. Applying these numeral designations to Table VII also results in a noncompensable rating for bilateral hearing impairment. Id. 

When the pure tone decibel loss values are 55 or greater at 1000 Hertz, 2000 Hertz, 3000 Hertz, and 4000 Hertz in either ear, the criteria for exceptional patterns of hearing impairment must be considered. 38 C.F.R. § 4.86(a). Here, the pure tone decibel loss results from both examinations constitute an exceptional pattern of hearing impairment for the right ear; as such, the criteria in 38 C.F.R. § 4.86(a) applies. Applying the clinical findings from these examinations to Table Via results in numeral designations of Level VI for the right ear based on the June 2009 fee-based examination, and Level VII based on the December 2011 VA examination. Using these designations in conjunction with the Level I designation for the left ear, based on the left ear clinical results not meeting the criteria for exceptional patterns of hearing impairment at either examination, still results in a noncompensable rating for bilateral hearing loss. Thus, a compensable rating is not supported by the evidence of record. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992).

An exceptional or unusual disability picture occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of a veteran's service-connected disability. Thun v. Peake, 22 Vet. App. 111, 115 (2008). If there is an exceptional or unusual disability picture, then the Board must consider whether the disability picture exhibits other factors such as marked interference with employment and frequent periods of hospitalization. Id. at 115-116. When those two elements are met, the appeal must be referred for consideration of the assignment of an extraschedular rating to the Chief Benefits Director or the Director, Compensation and Pension Service, for consideration of an extraschedular evaluation. 38 C.F.R. § 3.321(b) (1). Otherwise, the schedular evaluation is adequate, and referral is not required. Thun, 22 Vet. App. at 116.

The schedular rating is adequate. Ratings in excess of that assigned are provided for certain manifestations of hearing loss, but the competent and credible evidence of record does not reflect that those manifestations are present. The diagnostic criteria also adequately describe the severity of the Veteran's hearing loss. The Veteran noted in his February 2011 VA Form 9 that he did not agree with VA's hearing loss rating criteria and method of evaluating hearing, to include consideration of "better ear" in evaluating bilateral hearing loss. While the Veteran's concerns have been considered, the Board notes that the assignment of disability evaluations for hearing impairment is a purely mechanical application of the rating criteria that specifically directs to evaluate each ear individually, and from which the Board cannot deviate. Especially in light of consideration of the Veteran's hearing acuity without regard to the speech discrimination scores under the criteria for exceptional patterns of hearing impairment (38 C.F.R. § 4.86), which he testified was the basis of his disagreement with the December 2011 VA examination clinical findings, the record does not reflect hearing loss that is not contemplated by that criteria. Lendenmann, 3 Vet. App. at 349. Marked interference of employment has also not been shown. As the Veteran's disability picture is contemplated by the Rating Schedule; no extraschedular referral is required. 

The preponderance of the evidence is against the claim. There is no doubt to be resolved, and an initial compensable rating for bilateral hearing loss is not warranted. See 38 C.F.R. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

An initial compensable rating for bilateral hearing loss is denied.




____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs