Phyllis D. ASHLEY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–386.

United States Court of Veterans Appeals.

Submitted Jan. 23, 1992.

Decided April 21, 1992.

Diane Boyd Rauber, Ruth Eisenberg and Gershon M. Ratner, Washington, D.C., were on the pleadings for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel and Angela Foehl, Washington, D.C., were on the pleadings for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

FARLEY, Associate Judge:

In an earlier opinion and order we denied the motion by the Secretary of Veterans Affairs (Secretary) to dismiss this appeal for lack of jurisdiction. *See Ashley v. Derwinski,* 2 Vet.App. 62 (1992). Subsequently, on January 23, 1992, the Secretary moved for reconsideration. Due to a marked change in the factual predicate, the Secretary's motion will be granted; however, after reconsideration, we once again deny the Secretary's motion to dismiss for lack of jurisdiction.

## I.

The issue is whether appellant filed a timely Notice of Appeal (NOA). The Board of Veterans' Appeals (Board or BVA) decision giving rise to this appeal was dated October 24, 1990; the NOA was received by the Court on March 1, 1991. Under 38 U.S.C. § 7266 (formerly § 4066), an NOA "must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) [formerly § 4004(e) ] of this title." Section 7104(e) requires that the BVA mail "a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any)." Since more than 120 days had elapsed between the date of the BVA decision and the receipt of the NOA, the Secretary moved to dismiss the appeal for lack of jurisdiction. Appellant opposed the motion, arguing that a copy of the BVA decision was not sent to her authorized representative and that, therefore, the 120–day period never began to run because the BVA decision was not "mailed pursuant to section 7104(e)". (Thus, the issue is when the 120–day period of 38 U.S.C. § 7266 commenced to run. The issue is not whether that 120–day period can be extended. *See Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir.1992).)

## A.

Our original legal analysis remains valid and controlling. *See Ashley,* 2 Vet. App. at 64–65. It may be briefly summarized as follows: There is a presumption of regularity under which it is presumed that government officials "have properly discharged their official duties". *United*

*States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). Therefore, it must be presumed that the Secretary and the BVA properly discharged their official duties by mailing a copy of a BVA decision to the claimant and the claimant's representative, if any, on the date the decision is issued. (While not relevant to the issue under consideration, it should be noted that the date of mailing, under certain circumstances, is presumed to be the next business day following the date of the BVA decision. *See Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991).)

▇ The presumption of regularity is not absolute; it may be rebutted by the submission of "clear evidence to the contrary". *Id.* Evidence of nonreceipt by either the veteran or the veteran's representative, standing alone, is not the type of clear evidence to the contrary which would be sufficient to rebut the presumption of regularity. However, where an appellant submits clear evidence to the effect that the BVA's "regular" mailing practices are not regular or that they were not followed, the Secretary is no longer entitled to the benefit of the presumption and the burden shifts to the Secretary to establish that the BVA decision was mailed to the veteran and the veteran's representative, if any, as required by 38 U.S.C. § 7104(e). " 'The presumption [of official regularity may also] operate[ ] in reverse. If [mailing] appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary.' " *Ashley*, 2 Vet.App. at 66, *quoting United States v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed.Cir.1983).

### B.

In opposing the Secretary's original motion to dismiss, appellant submitted "clear evidence to the contrary" in the form of a declaration which raised serious questions concerning the Secretary's compliance with the statutory requirement, under § 7104(e), that a copy of the decision must be mailed to a veteran's representative of record. Colbert (Bert) L. Boyd, veterans' service representative for the Vietnam Veterans of America (VVA) and the Virginia Depart-

ment of Veterans Affairs, declared that, based upon his experience, it was Department of Veterans Affairs' practice to note the name and address of a claimant's representative on the first page of the copy of the BVA decision placed in the veteran's claims file if a copy was mailed to the representative. Appellant's Response, Ex. 3. Mr. Boyd stated further that he had reviewed appellant's claims file and that the first page of the BVA decision in the claims file did not contain the address of appellant's representative. *Id.* We held that this evidence was sufficient to rebut the presumption of regularity in this instance and to shift to the Secretary the burden of demonstrating that the BVA decision had been mailed to appellant's representative as required by § 7104(e). Instead of meeting this burden, the Secretary continued to rest on the presumption of regularity and did not submit any evidence or argument to contradict Mr. Boyd's characterization of the BVA's regular course of business. Faced with this one-sided record, we were compelled to deny the Secretary's motion to dismiss on the ground that the Secretary had failed to demonstrate that the decision was mailed to appellant's representative as required by 38 U.S.C. § 7104(e).

### II.

On January 23, 1992, the Secretary moved for reconsideration of the earlier decision and, this time, the Secretary submitted evidence in the form of a Declaration of Richard E. Baker, Director, Administrative Service, BVA, which purported to document the regular practice of the BVA with respect to the mailing of BVA decisions. *See* Motion for Reconsideration, Attachment 2. While the belated Baker Declaration does contradict the Boyd Declaration earlier submitted by appellant and relied upon by the Court, the Secretary's strategy of not submitting a full evidentiary record or a complete argument until reconsideration of an earlier defeat "does not serve interests of the parties or the court". *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990), *quoted in Tobler v. Derwinski*, 2 Vet.App. 8, 10 (1991). This Court

and, indeed, all courts do not countenance piecemeal or sequential litigation and under ordinary circumstances the Secretary's motion for reconsideration would have been denied.

However, this case no longer presents ordinary circumstances because appellant, after further investigation at the suggestion of the Secretary, filed on February 4, 1992, a correction of factual error. Appellant reported that Mr. Boyd "acknowledged that he has no personal knowledge to dispute Mr. Baker's assertions in his Declaration that, typically, the BVA decision in the claims folder is unmarked." Appellant's Correction of Factual Error at 3. In view of appellant's disavowal of Mr. Boyd's Declaration, the Court granted appellant's motion for leave to respond to the Secretary's motion for reconsideration and on March 3, 1992, appellant's opposition was filed (an errata was submitted on March 4, 1992). The Court will grant the Secretary's motion and reconsider its earlier decision.

### III.

We now must apply the controlling legal principles to the new factual record presented in this motion for reconsideration. It is not disputed that appellant's representative of record was and is the VVA. The claims file contains the power of attorney form designating the VVA, although, it must be noted, no address is listed for the VVA on the form. See Appellant's Opposition, Declaration of Roger A. Wedel, Attachment A5. It also is not disputed that the VVA has entered into a contractual arrangement with the National Veterans Legal Services Project (NVLSP) whereby the NVLSP performs the legal services for the VVA and its veteran clients. See id.

The Secretary offered the Declaration of Richard W. Baker to establish the regular procedure for contact with representatives hired by a service organization in general and the procedure for communication with the VVA and the NVLSP in particular:

> If the VVA provided that another organization, such as the [NVLSP], will submit argument or evidence on behalf of the appellant, these submissions would be considered by the Board section in its deliberation in the case, but VVA, not NVLSP, would remain the designated representative of record and would receive all official transmissions from BVA, unless and until the power of attorney to VVA were [sic] revoked by the claimant.

Motion for Reconsideration, Baker Declaration at 2. Under the Secretary's version, therefore, "all official transmissions", including the mailing of the BVA decision, would be sent to the VVA as the representative of record in the regular course of business. Unless rebutted by clear evidence to the contrary, the Secretary is entitled to the benefit of the presumption of regularity: it will be presumed that the BVA decision was "mailed pursuant to section 7104(e)" on October 24, 1990, the date of the decision.

Appellant takes specific issue with the Secretary's characterization of the regular practice of the BVA, arguing that the "Board has consistently recognized the contractual relationship between the NVLSP and VVA, and treated them as the same entity in cases in which VVA holds the power of attorney." Appellant's Opposition at 8. In addition, and more telling, appellant has submitted "clear evidence to the contrary" in the form of copies of a number of letters dating from the time of the BVA decision at issue in this appeal which purport to transmit BVA decisions and which are inconsistent with Mr. Baker's representations as to regular practice. The letters appear as attachments to the Declarations of Roger A. Wedel and Michael E. Wildhaber. See Appellant's Opposition. Five of the letters are addressed to the VVA and the NVLSP at a single address, that of the NVLSP. Wildhaber Declaration, Attachments C2, C3, C4, C5, and C6. In one instance, the letter was addressed to Mr. Wedel as "Service Representative [sic] Vietnam Veterans of America" (Wedel Declaration, Attachment A3); in another, the letter is addressed to Mr. Wedel at the National Veterans Legal Services Project (Wedel Declaration, Attach-

ment A4). From this submission, appellant argues with considerable force that "[t]hese letters demonstrate that, for the period at least from October 1990 to January 1992, the practice of the BVA has been to treat NVLSP as VVA for purposes of serving BVA papers on VVA when VVA holds the power of attorney...." Appellant's Opposition at 9. The evidence submitted by appellant in opposition to the Secretary's motion for reconsideration directly contradicts the Secretary's evidence with respect to what is, in fact, the regular course of business at the BVA. Therefore, once again, the burden of demonstrating that the BVA decision was mailed to appellant's representative in the regular course of business shifted to the Secretary.

The Court, in its order of February 18, 1992, specifically gave the Secretary the authority to file a response to appellant's opposition within 14 days. The 14-day period expired without a response from the Secretary; the silence is deafening. Simply put, the record before the Court establishes that the practice of the BVA is no practice. Appellant has submitted uncontroverted evidence which stands in clear contradiction to the Secretary's statement of the regular practice employed in mailing BVA decisions to claimants represented by the VVA. The Secretary chose not to take advantage of the opportunity to clarify or at least attempt to explain the apparent contradiction.

Appellant has established that the Secretary's practice in this regard is, at best, irregular and, as noted above, the burden then shifted to the Secretary " 'to show the contrary.' " *Ashley*, 2 Vet.App. at 66, *quoting United States v. Roses, Inc.*, 706 F.2d at 1567. The Secretary did not shoulder this burden. We again hold, as we did previously, that the BVA did not mail the decision of October 24, 1990, pursuant to 38 U.S.C. § 7104(e), and therefore the 120-day period of 38 U.S.C. § 7266 did not begin to run until

> the defect ... was cured on November 1, 1990, when, according to the appellant's own records, the NVLSP received the BVA decision dated October 24, 1990. The Notice of Appeal filed on March 1, 1991, 120 days after November 1, 1990, is a timely and sufficient predicate for this Court to exercise jurisdiction over this appeal. There is no need for us to decide what the result would have been had the NVLSP never received the decision.

*Ashley*, 2 Vet.App. at 67.

## IV.

To date, the lawyering of this appeal has been less than exemplary; there is much for both sides to reflect upon.

With respect to the Secretary, it is not for this Court to dictate or suggest litigation strategy or tactics. If the Secretary chooses to refuse to meet a burden imposed by law, especially in an appeal when that burden was made specifically clear, and to permit contradictions about the Secretary's own practices to stand unchallenged, there is nothing that this Court can or will do other than to continue to decide issues on the record before us.

Appellant's representatives originally submitted a declaration in support of the original opposition which, with a moment's thought, should have appeared questionable at best. Appellant originally prevailed only because the Secretary, for reasons unknown, chose not to contest the accuracy of Mr. Boyd's characterization of the Secretary's own practices. Moreover, it is clear from the record that appellant timely received her copy of the BVA decision and that the VVA, appellant's representative of record, and the NVLSP, the contractual representative, each had a copy of the decision in hand for well over 100 days. However, again for reasons unknown, the choice was made not to file the NOA until after the 120-day period calculated from the date on the face of the BVA decision had lapsed. Whether this choice was the product of inadvertence or design, it placed the interests of appellant, the client of the VVA and, by contract, the NVLSP, in considerable jeopardy in that it almost extinguished appellant's right to judicial review. Had that occurred, appellant's recourse would have been to look to her representatives for any redress that might be avail-

able to her under the law. *See Robinson v. U.S. Navy,* 342 F.Supp. 381 (E.D.Pa. 1972).

Finally, we note that, just like the Secretary and the Department of Veterans Affairs, the service organizations too must realize that the creation of this Court and the institution of an adversarial process of judicial review mandate that regular administrative practices and standard operating procedures be reviewed and, where warranted, changes made. If the VVA expects to receive transmissions from the BVA, then it is incumbent upon the VVA to provide an address of record; if the NVLSP expects copies of decisions directly by mail, then specificity is required. Representatives will not be permitted to keep the BVA in the dark only to complain because the BVA has not guessed correctly.

### V.

The Secretary's motion for reconsideration is granted and we have reconsidered our earlier decision. In view of the foregoing, we again deny the Secretary's motion for dismissal for lack of jurisdiction and order the parties to proceed to the merits of the appeal in accordance with this Court's Rules of Practice and Procedure.

*It is so Ordered.*