KRAMER, Chief Judge,
concurring in the result.
I concur in the vacatur of the February 10, 2000, Board of Veterans’ Appeals (Board or BVA) decision with respect to the issue of the finality of the July 1969 VA regional office (RO) denial of the appellant’s claim for service connection for a back condition and in the remand of that matter. I write separately to explicate the issues that I believe, at a minimum, the *15 Board, on remand, should address in providing an adequate statement of reasons or bases for any decision that it renders. Initially, I note that the appellant acknowledged at oral argument that his primary purpose in bringing this appeal was premised upon the supposition that at some time in the future he might eventually be awarded service connection for his back condition and that he was attempting to preserve a 1969 effective date for any such award and that on appeal the appellant is not arguing that: the Court now should award him service connection for his back condition; there was sufficient evidence of record for the Board to have awarded him service connection for that condition; or he has evidence to submit in support of his original claim for service connection for that condition. These circumstances raise a question as to whether there exists any current case or controversy for this Court to consider. See Bond v. Derwinski, 2 Vet.App. 376, 377 (1992) (per curiam order); Mokal v. Derwinski, 1 Vet.App. 12, 15 (1990). Nevertheless, because the appellant acknowledged at oral argument that, in seeking to secure such a prospective grant of service connection, an additional purpose in bringing this appeal was to avoid having to provide the quantum of proof necessary for a reopened claim, I believe that there does indeed exist a current case or controversy. See 38 U.S.C. § 5108 (Reopening disallowed claims); 38 C.F.R. § 3.156(a) (2001) (New and material evidence); Hodge v. West, 155 F.3d 1356, 1362-64 (Fed.Cir.1998) (defining proper regulatory standard of new and material evidence).
Thus, as reflected in the record on appeal (ROA), the parties’ pleadings, and the parties’ statements at oral argument, the question becomes whether the RO should now send to the appellant notice of the July 1969 denial of his claim for service connection for his back condition. In this regard, I note that, because the appellant requested, in April 1998, that the RO send to him notice of its 1969 denial of his claim (Record (R.) at 55), because the RO decided, in May 1998, that the appellant was not entitled to such notice (R. at 57), and because the appellant filed a Notice of Disagreement (NOD) as to that RO determination (R. at 59), the issue of notice was reasonably raised to the Board, and thus the Board was required to address it. See 38 U.S.C. §§ 7104(a) (Board decisions shall be based on entire record and upon consideration of all evidence and material of record and applicable provisions of law and regulation), 7105 (Filing of NOD and appeal). In addressing this issue in the February 2000 Board decision on appeal, the Board, relying upon an October 12, 1982, letter from the RO to the appellant in which the RO stated that the appellant’s claim for service connection “ha[d] previously been denied for developmental anomalies,” found that the appellant was provided notice, in that October 1982 letter, of the RO’s July 1969 denial of his claim for service connection for his back condition. R. at 4, 28. The Board thus concluded that, because the appellant failed to file an NOD within one year of that October 1982 notification letter, the RO’s 1982 denial, and in essence its July 1969 denial, of the appellant’s claim became final. R. at 4-5.
I believe, however, that the Board’s February 2000 decision is inadequate in that the BVA failed to address, inter alia, the adequacy, under the applicable regulations, of any notice that may have been provided to the appellant in 1982. In this regard, the Board failed to address whether the October 1982 letter upon which it relied complied with the applicable regulations extant in 1969 and 1982, which appear to require that notice of the RO’s denial contain a reason for such denial. *16 See 38 C.F.R. § 3.103 (1969); 38 C.F.R. § 3.103(e) (1982). If the Board cannot conclude that the October 1982 letter does contain such a reason, the BVA then should address the presumption of regularity.
With respect to the presumption of regularity, the Board first should address whether it should be presumed that, as reflected in an August 1969 disability award worksheet that was discussed in a July 1998 Statement of the Case and that was submitted to the Court by the Secretary as a supplemental ROA, the appellant, in 1969, was notified of the July 1969 RO decision. R. at 71; Supplemental R. at 1-2; see Davis v. Brown, 7 Vet.App. 298, 300 (1994) (there exists presumption that appellant was notified of BVA decision and that presumption can be overcome only by “ ‘clear evidence to the contrary’ ”) (quoting Ashley v. Derwinski, 2 Vet.App. 307, 308-09 (1992)). If the Board determines that such a presumption exists, the BVA next should consider whether the May 1998 letter from the RO to the appellant, in which the RO stated that “[a] thorough review of our records does not indicate that proper notification [of the RO’s denial of his claim] was forwarded to [the appellant in 1969],” rebuts that presumption. R. at 57; see Schoolman v. West, 12 Vet.App. 307, 310 (1999) (Board is finder of fact for determining whether presumption of regularity has been rebutted). If such rebuttal has occurred, the Board finally should consider whether the Secretary has carried his burden to show that the appellant was notified of the 1969 RO denial of his claim. See Woods v. Gober, 14 Vet.App. 214, 220 (2000); Davis and Ashley, both supra.