Citation Nr: 1527824 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-46 183 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an effective date prior to November 17, 2006, for the grant of service connection for lumbar strain. 

2. Entitlement to an effective date prior to November 17, 2006, for the grant of service connection for enthesopathic changes of the right Achilles tendon insertion site. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Haddock, Associate Counsel


INTRODUCTION

The Veteran had active service from September 1993 to March 2000, from April 2000 to August 2000, and from September 2005 to December 2006. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision by the St. Petersburg, Florida Department of Veterans Affairs Regional Office (RO). In the November 2010 substantive appeal, the Veteran requested a hearing before a member of the Board, which was scheduled for August 2014. However, the Veteran failed to appear for the scheduled hearing and did not request that that hearing be rescheduled. The Board therefore considers the request for a hearing withdrawn. 


FINDINGS OF FACT

1. A June 2000 administrative decision denied service connection for low back and right foot disabilities. The Veteran was notified of the decision and of his appellate rights, but did not initiate an appeal of that denial. 

2. VA received the Veteran's application to reopen the previously denied claims for service connection for a low back and a right foot disability in December 2006, which was dated November 17, 2006 by the Veteran.


CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than November 17, 2006, for service connection for lumbar strain have not been met. 38 U.S.C.A. §§ 5110, 5107 (West 2014); 38 C.F.R. §§ 3.155, 3.157, 3.400 (2014).

2. The criteria for an effective date earlier than November 17, 2006, for service connection for enthesopathic changes of the right Achilles tendon insertion site have not been met. 38 U.S.C.A. §§ 5110, 5107 (West 2014); 38 C.F.R. §§ 3.155, 3.157, 3.400 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA will assist a claimant in obtaining evidence necessary to substantiate a claim, but VA is not required to provide assistance to a claimant if there is no reasonable possibility that assistance would aid in substantiating the claim. VA must notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to VA that is necessary to substantiate the claim. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014).

The pertinent facts in this case are not in dispute and the law is dispositive. Consequently, there is no additional evidence that could be obtained to substantiate the claim, and no further action is required to comply with the duties to notify or assist. Manning v. Principi, 16 Vet. App. 534 (2014); VAOPGCPREC 5-2004 (2004), 69 Fed. Reg. 59989 (2004). However, the Board notes that in an August 2009 letter, the Veteran was provided appropriate notice with respect to how VA assigns effective dates.

Generally, the effective date for a grant of service connection is the date of receipt of the claim or date entitlement arose, whichever is later. 38 U.S.C.A. § 5110(a) (West 2014); 38 C.F.R. § 3.400 (2014). 

The effective date of a rating and award of compensation on an original claim for compensation will be the day following separation from active duty service or date entitlement arose if the claim is received within one year after separation from service. Otherwise, the effective date will be the date of receipt of the claim or date entitlement arose, whichever is later. 38 U.S.C.A. § 5110(a)-(b)(1) (West 2014); 38 C.F.R. § 3.400(b)(2) (2014). 

The effective date for a grant of service connection based on the receipt of new and material evidence following a final prior disallowance is the date of receipt of the application to reopen, or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400(q)(1)(ii) (2014). 

A claim is a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2014). Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, a duly authorized representative, or a person acting as next friend who is not sui juris may be considered an informal claim. 38 C.F.R. § 3.155 (2014).

The Veteran filed an original claim for service connection benefits in May 2000. A June 2000 administrative decision denied the claim after he failed to appear for a scheduled VA examination and it was determined that there was insufficient evidence to grant service connection for the claimed disabilities. The Veteran was notified of the June 2000 administrative decision and of his appellate rights, but did not initiate an appeal. There is no indication that new and material evidence was received within one year following that decision that was pertinent to the issues on appeal. 38 C.F.R. § 3.156(b) (2014). Thus, that decision became final. 38 U.S.C.A. §§ 7104, 7105 (West 2014). Therefore, in the absence of clear and unmistakable error, an effective date of the date of the May 2000 claim is not warranted. Rudd v. Nicholson, 20 Vet. App. 296 (2006).

VA received the application to reopen the previously denied claims for service connection for low back and right foot disabilities in December 2006. However, the Veteran's statement was dated November 17, 2006. An August 2007 rating decision granted service connection for a lumbar strain and enthesopathic changes at the right Achilles tendon insertion site, and assigned an effective date of November 17, 2006, the date the Veteran signed the application to reopen claims for service connection. 

The Veteran asserts that he is entitled to an effective date of May 2000, the date of his initial claim of service connection, for both his low back and right foot disabilities. He has reported that he did not attend the VA examination in 2000 because he was on Active Duty for Training with the Army Reserve and did not receive notice of the examination, and as he did not have notice of the VA examination, he should not be held accountable for missing the examination. In his November 2010 substantive appeal, the Veteran asserted that VA did not send notification of the June 2000 denial of service connection, and that had notification been sent, he would have initiated an appeal at that time. 

The Board finds the Veteran's argument meritless and finds that the claim of entitlement to earlier effective dates must be denied. There is a presumption of regularity under which it is presumed that government officials have properly discharged their official duties. Ashley v. Derwinski, 2 Vet. App. 307 (1992); United States v. Chem. Found., Inc., 272 U.S. 1, 47 S. Ct. 1, 71 L. Ed. 131 (1926). To rebut the presumption, the appellant, not VA, bears the burden of producing clear evidence that VA did not follow its regular mailing practices or that its practices were not regular. Ashley v. Derwinski, 2 Vet. App. 307 (1992). Absent such clear evidence, timely delivery is assumed. Mindenhall v. Brown, 7 Vet. App. 271 (1994). The June 2000 notification of the initial denial of service connection is of record and lists the Veteran's reported address of record from that time. Therefore, the Board can presume that the June 2000 notification was correctly mailed. Further, the Board finds it significant that the Veteran's initial denial was dated June 2000 and he did not file a claim to reopen until November 2006, more than six years later. There is no indication that the Veteran submitted other information to VA, or that he did not know about the June 2000 denial. The record does not show that the Veteran ever inquired as to the status of his claim. The record does not show that the notice of denial and appeal rights was returned.

The Board is sympathetic to the Veteran's situation. However, the legal authority governing effective dates is clear and specific, and the Board is bound by that authority. There is no prior application to reopen the previously denied claim for service connection for low back or right foot disabilities prior to December 2006 and the Veteran did not initiate an appeal of the June 2000 denial, which became final. Thus, the Board finds that November 17, 2006, is the appropriate effective date for service connection for lumbar strain and enthesopathic changes at the right Achilles tendon insertion site as that is the date of the Veteran's claim to reopen. 38 U.S.C.A. § 5110(a) (West 2014); 38 C.F.R. § 3.400 (2014). 

As there is no legal basis for assignment of any earlier effective date, and because the preponderance of the evidence is against the claims for any earlier effective date, the Board finds that the claims must be denied. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to an effective date prior to November 17, 2006, for the grant of service connection for lumbar strain is denied.

Entitlement to an effective date prior to November 17, 2006, for the grant of service connection for enthesopathic changes of the right Achilles tendon insertion site is denied.



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs