Citation Nr: 1528177 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 10-26 073 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Whether new and material evidence has been submitted to reopen a claim for entitlement to service connection for congenital scoliosis; and if so, whether the reopened claim should be granted.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

R.M.K., Counsel


INTRODUCTION

The Veteran had active service from June 1978 to March 1980.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a May 2009 rating decision of the St. Petersburg, Florida, regional office (RO) of the Department of Veterans Affairs (VA). 

This appeal was processed using the Virtual VA and VBMS paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

The Veteran provided testimony before the undersigned Veterans Law
Judge (VLJ) at the RO in April 2013; a transcript of the hearing is associated with Virtual VA.

When this case was previously before the Board in February 2014, it was remanded for the agency of original jurisdiction to adjudicate an assertion of clear and unmistakable error in the July 1983 rating decision which denied service connection for congenital stenosis. The matter was adjudicated in January 2015, however, as the Veteran did not appeal that determination, it is not before the Board at this time. 

The issue of entitlement to service connection for congenital scoliosis is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran neither appealed the July 1983 rating decision nor submitted new and material evidence within the one year appeal period.
 
2. The evidence associated with the claims file subsequent to the July 1983 denial includes evidence that relates to an unestablished fact necessary to substantiate the clam for service connection, is not cumulative or redundant of the evidence previously of record, and is sufficient to raise a reasonable possibility of substantiating the claim for service connection for congenital scoliosis.


CONCLUSION OF LAW

Evidence received since the final July 1983 rating decision is new and material; therefore, the Veteran's claim of entitlement to service connection for congenital scoliosis is reopened. 38 U.S.C.A. §§ 5108, 7105(c) (West 2014); 38 C.F.R. §§ 3.156(a), 20.1103 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Generally, a claim that has been denied in an unappealed Board or rating decision may not thereafter be reopened and allowed. 38 C.F.R. §§ 20.1100, 20.1103. The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 

New evidence is defined as existing evidence not previously submitted to agency decisionmakers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Furthermore, consideration is not limited to whether the newly submitted evidence relates specifically to the reason the claim was last denied, but instead should include whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118. Additionally, the United States Court of Appeals for the Federal Circuit has noted that new evidence could be sufficient to reopen a claim if it could contribute to a more complete picture of the circumstances surrounding the origin of a claimant's injury or disability, even where it would not be enough to convince the Board to grant a claim. Hodge v. West, 155 F.3d 1356, 1363 (Fed. Cir. 1998).

For the purpose of establishing whether new and material evidence has been submitted, the credibility of the evidence, although not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

Regardless of the AOJ's actions, given the previous unappealed denial of the claim on appeal, the Board has a legal duty under 38 U.S.C.A. §§ 5108, 7104 (West 2014) to address the question of whether new and material evidence has been received to reopen the claim for service connection. This matter goes to the Board's jurisdiction to reach the underlying claims and adjudicate the claims on a de novo basis. See Barnett v. Brown, 83 F. 3d 1380, 1383 (Fed. Cir. 1996). 

In July 1983 the Veteran's original claim for service connection for congenital scoliosis was denied by the RO based on a finding that it preexisted the Veteran's service, and was not aggravated. The notification was mailed to the last known address of the record but was returned as undeliverable. "There is a presumption of regularity under which it is presumed that government officials 'have properly discharged their official duties.'" Ashley v. Derwinski, 2 Vet. App. 307, 308 (1992) (quoting United States v. Chem. Found., Inc., 272 U.S. 1, 14-15, 47 S.Ct. 1, 71 L.Ed. 131 (1926)). To rebut the presumption, the appellant, in addition to asserting non receipt, bears the burden of producing clear evidence that VA did not follow its regular mailing practices or that its practices were not regular. See Ashley, 2 Vet. App. at 309. If clear evidence is presented to rebut the presumption of regularity, the burden then shifts to the Secretary to establish proper mailing of notice in accordance with the applicable case law. See Baxter v. Principi, 17 Vet. App. 407, 410 (2004). Although the notification was returned as undeliverable, there was no other address of record and the Veteran has not indicated that he informed the RO of another address. Accordingly, the presumption of regularity applies and there is no evidence to rebut the presumption of regularity. The Veteran did not appeal the decision, nor submit new and material evidence within the appeal period (one year). Therefore, the decision became final.

VA is required to review for newness and materiality only the evidence submitted by a claimant since the last final disallowance of a claim on any basis in order to determine whether a claim should be reopened and readjudicated on the merits. Evans v. Brown, 9 Vet. App. 273, 283 (1996). 

The Veteran's current claim for entitlement to service connection for congenital scoliosis on the basis of aggravation during service is based upon the same factual basis as his claim for entitlement to service connection which was denied in the July 1983 rating decision. As such, it is appropriate for the Board to consider this claim as a request to reopen the previously denied claim. See Boggs v. Peake, 520 F.3d 1330 (Fed. Cir. 2008).

The evidence received since the July 1983 decision includes in pertinent part the Veteran's statements to VA and testimony before the undersigned VLJ that he was unaware of any congenital defect prior to service, was not informed of the defect during induction to the military, was able to perform his jobs in service to a certain point, and that he did not begin to experience back problems until he started his field activities in the infantry unit. He asserts that his preexisting disorder was aggravated during service. VA treatment records were associated with the record that shows multilevel mild discogenic and facet joint degenerative changes and mild scoliosis. 

The Board finds that this evidence is "new" because it was not before the adjudicator in 1983. The Board also finds that the new evidence is "material." First, regarding the Veteran's own testimonial statements, the Board finds that this additional evidence is "material" as this new testimonial statement asserts that scoliosis was not manifested before service and occurred after infantry duties. Again, lay statements such as these are generally presumed to be credible when determining whether to reopen a claim. See Justus, 3 Vet. App. at 512-513. Furthermore, the VA treatment records show back problems. The Board accordingly finds that new and material evidence has been received to reopen the claim. Hence, the appeal to this extent is allowed, and the claim is now subject to review based on the entire evidentiary record.


ORDER

New and material evidence has been presented, and the claim for service connection for congenital scoliosis is reopened; the appeal is granted to this extent only.


REMAND

The Board is of the opinion that additional development is required before the Veteran's claim is decided. 

The Board notes that the Veteran was found unfit for full duty due to congenital scoliosis in February 1980. His claim for service connection was denied in July 1983 based on a determination that his scoliosis preexisted service and was not aggravated. 

Since the presumption of soundness at entrance attaches in this case, as the record fails to demonstrate that scoliosis was diagnosed on, or prior to, enlistment into the Veteran's period of active service, VA must show by clear and unmistakable evidence that the congenital disease preexisted service and was not aggravated thereby in order to rebut the presumption of soundness. Monroe v. Brown, 4 Vet. App. 513, 515 (1993). 

Moreover, if it is determined during service that a Veteran suffers from a congenital disease, as opposed to a defect, VA cannot simply assume that, because of its congenital nature, the disease must have preexisted service. That is, the presumption of soundness still applies to congenital diseases that are not noted at entry. Quirin v. Shinseki, 22 Vet. App. 390, 394 (2009).

In short, service connection is available for congenital diseases, but not defects, that are aggravated in service. Quirin, 22 Vet. App. at 394; Monroe v. Brown, 4 Vet. App. 513, 515 (1993). It follows that in such cases where a congenital condition is at issue, a VA medical opinion may be needed to determine whether the condition is a disease or defect, whether the presumption of soundness has been rebutted, and if so whether there was aggravation during service. Id. at 395. As such, this claim must be remanded for a VA examination to determine the etiology of the Veteran's scoliosis. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, the case is REMANDED for the following action:

1. Schedule a VA examination to assess the severity and etiology of any currently-diagnosed back disability, to include scoliosis. The Veteran's electronic claims file must be made available to the examiner for review in conjunction with the examination. The examiner should specifically note that the electronic claims folder was reviewed. The examiner should then address the following questions:

a. Explain whether the scoliosis is a congenital or developmental defect or disease. [Note: a disease generally refers to a condition that is considered capable of improving or deteriorating while a defect is generally not considered capable of improving or deteriorating. VAOPGCPREC 82-90 (1990) (citing Durham v. United States, 214 F.2d 862, 875 (D.C. Circuit 1954)].

b. If it is a congenital or developmental defect, explain whether it is at least as likely as not (a probability of 50 percent or greater) that there was a superimposed injury or disease in service that resulted in additional back disability. 

c. If it is a disease, state whether it is clear and unmistakable (obvious, manifest, and undebatable) that scoliosis pre-existed active service.

d. If so, state whether it is clear and unmistakable (obvious, manifest, and undebatable) that pre-existing scoliosis WAS NOT aggravated (i.e., permanently worsened) during service or whether it is clear and unmistakable (obvious, manifest, and undebatable) that any increase was due to the natural progress.

e. If a response to (c) or (d) above was negative, and with respect to any other diagnosed back disabilities, provide an opinion as to whether the current spine disabilities at least as likely as not (a probability of 50 percent or greater) began in or are related to active service.

A review of the Board's remand of this case may help the examiner. Note: The term "aggravated" refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability.

A complete rationale for the requested opinions, accompanied by supporting medical data and analysis, shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. 

In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.
 
2. After completing the above action, and any other indicated development, the Veteran's claim must be re-adjudicated. If the benefit remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After he has had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs