Citation Nr: 1808268 
Decision Date: 02/08/18 Archive Date: 02/20/18

DOCKET NO. 10-45 436 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to a rating in excess of 10 percent for hepatitis C.

3. Entitlement to a total disability rating based on individual unemployability (TDIU).

4. Whether a notice of disagreement regarding the denial of an increased rating for pruritus was timely filed. 


REPRESENTATION

Veteran represented by: John S. Berry, Attorney




ATTORNEY FOR THE BOARD

R. E. Jones, Counsel


INTRODUCTION

The Veteran served on active duty from February 1970 to March 1973. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from July 2004 (PTSD), April 2010 (hepatitis C) and January 2017 (timeliness) determinations by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. 

The July 2004 denial of service connection for PTSD remains pending because new and material evidence was received within one year of notice of that denial. The July 2004 rating decision did not become final. 

In June 2017, the United States Court of Appeals for Veterans Claims (Court) vacated an April 2016 Board decision to the extent that it denied an increased rating for hepatitis C and denied TDIU. The Court affirmed the April 2016 Board decision to the extent that it denied an increased rating for a depressive disorder. 

The issue of service connection for PTSD, the issue of an increased rating for hepatitis C, and the issue of entitlement to TDIU are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. A November 9, 2015 rating decision granted the Veteran service connection and a 10 percent rating for pruritus.

2. The Veteran and his attorney were sent notice of the November 2015 rating decision and of the right to appeal in a properly mailed November 20, 2015 letter.

3. A notice of disagreement (NOD) with the November 2015 rating decision was not received until January 2017. 


CONCLUSION OF LAW

A timely NOD was not filed in response to the November 2015 grant of a 10 percent rating for pruritus. 38 U.S.C.A. § 7105 (2012); 38 C.F.R. §§ 20.201, 20.302 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran's attorney asserts that his submission of an NOD to VA in January 2017 should be considered a timely disagreement with the November 2015 rating decision which assigned a 10 percent rating for pruritus. 

An appeal to the Board consists of a timely filed NOD in writing and, after a statement of the case (SOC) has been furnished, a timely filed substantive appeal. 38 U.S.C. § 7105; 38 C.F.R. § 20.200 (2017). The NOD must be filed within one year after the date on which the RO mails notice of the determination being appealed. The date of mailing of the notification is presumed to be the same as the date of the letter. 38 C.F.R. § 20.302(a).

An NOD is a written communication from a claimant or his or her representative which expresses dissatisfaction or disagreement with an adjudication determination by the agency of original jurisdiction. 38 C.F.R. § 20.201. While special wording is not required the NOD must be in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review. Id. 

In a November 2015 rating decision, the RO granted the Veteran's claim for entitlement to service connection for pruritus and assigned a 10 percent rating. The Veteran was sent notice of the November 2015 rating decision and his right to appeal in a November 20, 2015 letter. The letter and rating decision was sent to the Veteran's address of record, which continues to be the Veteran's address of record. The letter was not returned as undeliverable and the Veteran has not at any time stated to VA that he did not receive a copy of the November 2015 rating decision and his appellate rights. The Board further notes that the VA letter indicates that a copy of the letter and rating decision was also sent to the Veteran's attorney at that time. Again, the decision was not returned as undeliverable.

In August 2016, the Veteran's attorney wrote to VA stating that he had not received a rating decision regarding the pruritus claim. The attorney requested a paper copy of the completed rating decision. In September 2016 the VA Records Management Center acknowledged the attorney's letter and informed him that his Privacy Act Request would be processed in the order of receipt. In a November 29, 2016 letter to VA the attorney stated that it was not a Privacy Act Request. The attorney requested a copy of the rating decision, or if a decision had not been issued, a status report of the pruritus claim. In December 2016, VA sent the Veteran's attorney a copy of the November 2015 rating decision. In January 2017 the Veteran's attorney submitted an NOD with the November 2015 rating decision's assignment of a 10 percent rating for pruritus. 

VA acknowledged receipt of the NOD in an January 2017 administrative decision, but found the NOD was not valid as it was received more than a year after the Veteran was provided notice of November 2015 rating decision. 

Following the November 2015 rating decision, the January 2017 correspondence from the Veteran's attorney is the first written communication expressing disagreement with the 10 percent rating assigned for pruritus. It is a NOD under the provisions of 38 C.F.R. § 20.201; however, it was not received by VA within a year from November 20, 2015, the date the Veteran was mailed notice of the November 2015 rating decision assigning a 10 percent rating for pruritus. It is therefore not timely under 38 C.F.R. § 20.302 and does not serve to initiate an appeal. 

The Veteran's Attorney contends that the first notification of the November 2015 rating decision was provided on December 22, 2016. He asserts that the NOD was filed on January 9 (2017), well within a year of notification, and that therefore the NOD should be accepted as timely. 

The Board finds that there was no error in VA's mailing of the November 2015 notice letter and rating decision to the Veteran. The Board notes that there is a presumption of regularity which presumes government officials have properly discharged their official duties. See Ashley v. Derwinski, 2 Vet. App. 307, 308 (1992); Mindenhall v. Brown, 7 Vet. App. 271 (1994). The presumption of regularity may be rebutted by the submission of clear evidence to the contrary. Ashley, 2 Vet. App. at 309. The record does not indicate that VA failed to properly provide the Veteran with notice of the November 2015 rating decision and the Veteran has not stated otherwise. The Board therefore finds that the Veteran was properly notified of the November 2015 rating decision and such notice was provided to his current address of record in the November 20, 2015 notice letter. The attorney's assertions that he (the attorney) did not receive notice of the November 2015 rating decision until December 2016, do not provide a sufficient basis to find that the Veteran did not receive the rating decision in November 2015. 

In sum, the evidence in this case clearly establishes that the Veteran was assigned a 10 percent rating by a November 2015 rating decision. The Veteran and his attorney were provided notice of the decision and of the Veteran's appellate rights in a November 20, 2015 letter. Neither he nor his attorney expressed disagreement with the 10 percent rating assigned in any written communication received by VA until January 2017, well after the one year time period for filing an NOD. Notice of the November 2015 rating decision was mailed to the Veteran's current address of record, the letter was not returned as undeliverable, and there is no objective evidence indicating that it was not received by the Veteran. A copy was also mailed to the Veteran's attorney. Therefore, a timely NOD with respect to the 10 percent rating assigned for pruritus was not filed and the claim before the Board must be denied. 

In this case, the Veteran and his representative were notified of the reasons for the denial of this claim and were afforded the opportunity to present evidence and argument. The Board finds that these actions are sufficient to satisfy the duties to notify and assist. 


ORDER

The claim for whether a timely NOD was filed in response to a November 2015 rating decision's assignment of a 10 percent rating for pruritus is denied.


REMAND

In April 2017, the Veteran's attorney submitted a statement from the Veteran's therapist. She stated that she had treated the Veteran on a weekly basis for PTSD since January 2017. The Board notes that copies of the therapy records are not in the claims file and have not been requested. The duty to assist requires that the Veteran's PTSD claim be remanded in order to obtain and review these records if possible. 

The April 2017 statement from the Veteran's therapist stating that the Veteran has PTSD was of record at the time of the November 2017 supplemental statement of the case (SSOC). However, it is clear from reading this SSOC that the AOJ did not review the therapist's statement in adjudicating the Veteran's claim. On remand the AOJ will have the opportunity to consider this document. 

In June 2017, the Court stated that the Board failed to ensure substantial compliance with the Court's October 2014 remand order. The prior order directed that a medical opinion be obtained that addressed the Veteran's apparent weight loss between February 2010 and August 2010. The Board's April 2016 decision relied on an August 2015 VA examination report that did not mention a February 2010 VA examiner's finding that the Veteran weighed 185 pounds at the time of the examination and instead stated that the Veteran's weight fluctuated only by 3 pounds. The Court stated that remand is required for the Board to ensure compliance with the Court's October 2014 order. Accordingly the Veteran's hepatitis C claim must be remanded to obtain the required medical opinion.

The Veteran's TDIU claim is inextricably intertwined with the Veteran's hepatitis C increased rating claim and must also be remanded. 

Accordingly, the case is REMANDED for the following action:

1. Obtain the Veteran's updated VA treatment records.

2. Ask the Veteran to provide signed authorization so that VA can request copies of his treatment records from T.C., LMSW, dated from January 1, 2017 to present. After securing the necessary release, request copies of the identified records. If the requested records cannot be obtained, the Veteran should be notified of such.

3. When the above actions have been accomplished, forward the Veteran's file to an appropriate clinician for review. The clinician is asked to comment on the evidence of record, including the June 3, 2011 diagnosis of PTSD by a VA Ph.D., and the April 2017 diagnosis of PTSD by a private therapist. Then provide an opinion as to whether the Veteran has met the criteria for PTSD. If so, then the examiner must provide opinions regarding each of the Veteran's claimed stressors, regardless of whether the stressors are verified, to include: (1) whether the stressor is adequate to support a diagnosis of PTSD; (2) whether the stressor is based on a fear of hostile military or terrorist activity; and (3) whether the Veteran's current symptoms are related to the claimed stressor.

If the reviewing clinician determines that examination of the Veteran is needed to render the requested opinions, such should be accomplished.

4. Afford the Veteran an appropriate VA examination to assess the current severity of his hepatitis C. All indicated studies must be performed. All pertinent medical records should be made available to the VA examiner for review. Any indicated evaluations, studies, and tests deemed to be necessary by the examiner should be accomplished.

Based on the examination and review of the record, the examiner should identify all current manifestations of the Veteran's hepatitis C.

The examiner must comment on the Veteran's apparent weight loss between the February 2010 and April 2010 examinations (185 pounds versus 165-70 pounds), to include providing an opinion as to whether such weight loss resulted from the hepatitis C.

5. Thereafter, readjudicate the claims remaining on appeal. If any benefit sought on appeal is not granted to the Veteran's satisfaction, furnish the Veteran and his representative with a supplemental statement of the case (SSOC). If service connection for PTSD is denied, the SSOC must include review of the April 13, 2017 letter from the Veteran's therapist. Then, return the case to the Board for further appellate review, if in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs