Citation Nr: 1829356 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 16-36 973 ) 
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to secondary service connection for schizoid personality disorder.


REPRESENTATION

Veteran represented by: J. Michael Woods, Attorney


ATTORNEY FOR THE BOARD

C. Bates, Associate Counsel





INTRODUCTION

The Veteran served on active duty from August 1954 to August 1957.

This matter comes before the Board of Veterans' Appeals (Board) from the RO. In June 2017, the Board issued a decision that granted, denied, and remanded a multitude of claims sought by the Veteran. Notably, one of the denied claims was broadly construed as entitlement to service connection for an acquired psychiatric disability. In its June 2017 denial, the Board specifically discussed evidence related to schizotypal personality disorder, posttraumatic stress disorder (PTSD), depression, and anxiety. 

As stated in its June 2017 decision, the Board denied the acquired psychiatric disability claim because the Veteran had not been competently and credibly diagnosed with a current disability. Although anxiety, depression, and posttraumatic stress disorder (PTSD) are acquired psychiatric disabilities, the Board found that these diagnoses lacked probative value. As its reasons and bases for the determination that the diagnoses of anxiety and depression lacked probative value, the Board noted that they were not accompanied by any rationale and did not follow VA regulatory criteria. The Board explained that the diagnosis of PTSD lacked probative value because it was based on an inaccurate factual premise (the doctor attributed the PTSD to the Veteran's claimed flashbacks from Vietnam, despite the fact that he did not have active duty service in Vietnam). The Board found the Veteran's August 2012 diagnosis of schizotypal personality disorder to have significant probative value because it was based on accurate and complete facts, and followed VA regulatory guidance. Ultimately, because the Veteran was only competently and credibly diagnosed with a personality disorder, rather than an acquired psychiatric disability, the Board denied the claim. 

By way of a July 2017 statement, the Veteran's attorney expressed dissatisfaction with the Board's decision and sought reconsideration solely on the issue of entitlement to service connection for "schizoid personality disorder." See Motion for Reconsideration, 3 (July 11, 2017). The Veteran's attorney argued that reconsideration was appropriate because medical evidence submitted in February 2017 was "not listed in the recent BVA decision." See id. The attorney reiterated this contention in November 2017. See Motion for Reconsideration, 1 (Nov. 17, 2017). Notably, the referenced February 2017 evidence appeared incomplete when compared to the evidence re-submitted via November 2017 correspondence. Compare Correspondence, 1-43 (Feb. 21, 2017), with Motion for Reconsideration, 1-88 (Nov. 17, 2017). The Board observed that it was unclear whether the error in uploading the evidence to the claims file arose from VA or the Veteran's attorney. 

It is presumed that government officials "have properly discharged their official duties." See Ashley v. Derwinski, 2 Vet. App. 307 (1992). However, the unique nature of this case warranted the Board to execute its discretion in finding that the presumption of regularity was adequately rebutted. Therefore, in March 2018, based on the Veteran's clearly stated prayer for relief, the Board elected to vacate the June 2017 decision only as it pertained to the service connection claim for schizoid personality disorder. See Overton v. Nicholson, 20 Vet. App. 427, 438-39 (2006) (an attorney is presumed to know the law and has a duty to communicate about the law to his client). The remaining adjudicated claims of the June 2017 decision, to include the denials of entitlement to service connection for the acquired psychiatric disabilities of anxiety disorder, depression, PTSD, and entitlement to service connection for schizotypal personality disorder, remained in effect. The Board also observed that other remanded claims from the June 2017 decision were still being developed by the RO; consequently, the Board found that adjudication of those remanded issues was premature at that time.

In March 2018, the Board again denied the claim on the merits; this denial encompassed entitlement to service connection for schizoid personality on both a direct and secondary basis. See Board Decision, 6-7 (Mar. 7, 2018). Following this adverse decision, the Veteran's attorney expressed continued dissatisfaction and sought reconsideration on the issue of entitlement to service connection for schizoid personality disorder on a secondary basis. See Motion for Reconsideration, 2 (Apr. 2, 2018). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012). 
ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the Veteran or his representative, or on the Board's own motion. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.904 (2017). 

As noted in the Introduction, the March 2018 Board decision denied schizoid personality disorder on both a direct and secondary basis. See Board Decision, 6-7 (Mar. 7, 2018). In light of additional argument submitted by the Veteran's attorney, the Board has elected to vacate its March 2018 decision only as it pertains to the issue of entitlement to secondary service connection for schizoid personality disorder; this action does not disturb the portion of the decision denying direct service connection. Vacatur will enable the Board to further clarify its reasons and bases via a new decision in order to better serve the Veteran in this case. 

Whereas the narrow issue of entitlement to secondary service connection for schizoid personality is now restored to appellate status, the Board has rendered a new decision on the merits of the claim, which immediately follows this Order. 




 ____________________________________________
 H.M. WALKER
 Veterans Law Judge, Board of Veterans' Appeals








(NEW DECISION BEGINS ON NEXT PAGE)
THE ISSUE

Entitlement to secondary service connection for schizoid personality disorder.


INTRODUCTION

The Veteran served on active duty from August 1954 to August 1957.

In May 2018, the Board vacated its March 2018 decision only as it pertained to the issue of entitlement to secondary service connection for schizoid personality disorder; this action did not disturb the portion of the decision that denied direct service connection for schizoid personality disorder. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012). 


FINDINGS OF FACT

1. The Veteran has not been competently and credibly diagnosed with an acquired psychiatric disability during the pendency of his claim; he has only been competently and credibly diagnosed with a personality disorder.

2. In the absence of a competent and credible diagnosis of an acquired psychiatric disability, it is impossible for such a disability to be superimposed on the Veteran's claimed personality disorder. 

3. Although the Veteran contends that his personality disorder was aggravated beyond its natural progression by his service-connected disabilities, the evidence does not indicate that his personality disorder was caused by a service-connected disability.


CONCLUSION OF LAW

In the absence of a current acquired psychiatric disability or evidence that the Veteran's personality disorder was caused by his service-connected disabilities, the criteria to establish entitlement to secondary service connection for schizoid personality disorder have not been met. See 38 U.S.C. §§ 1110, 1111, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310, 4.9, 4.127 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran seeks secondary service connection for schizoid personality disorder. See Motion for Reconsideration, 2 (Apr. 2, 2018). He contends that the Board did not properly apply the regulatory provisions of 38 C.F.R. §§ 4.127, 3.310(a) (2017) in its prior decision denying his claim. See id. at 1. Through his attorney, he has submitted citations to both precedential and non-precedential cases in an effort to support this contention. See id. Notably, the Board actually considered secondary service connection for the claimed personality disorder in its vacated March 2018 decision. See Board Decision, 6 (Mar. 7, 2018) (specifically referencing secondary service connection and citing to 38 C.F.R. § 3.310 (2017) and Allen v. Brown, 7 Vet. App. 439 (1995)). However, based on the recent filing of the attorney, the Board felt it was necessary to further clarify its reasons and bases for denying the claim to enable the Veteran to better understand its reasoning. For reasons expounded in greater detail below, the Board finds that the newly submitted argument is not persuasive, and that the claim must be denied.

The Veteran is correct that generally, secondary service connection may be granted if the claimed disability is proximately due to, the result of, or aggravated by, an already service-connected disease or injury. See 38 C.F.R. § 3.310(a) (2017); Allen v. Brown, 7 Vet. App. 439, 448 (1995). In other words, the Veteran contends that his service-connected disabilities aggravated his personality disorder, and he provided a positive aggravation opinion to support his claim. However, his argument fails to address the distinction made in cases of a claimed personality disorder, which only allow service connection to be granted when the personality disorder is proximately due to, or the result of, a service-connected disease or injury; aggravation alone is not named as a possible basis for such an award. See 38 C.F.R. §§ 3.303, 4.9, 4.127 (2017). In fact, this point was actually referenced in the persuasive (non-precedential) authority submitted by the Veteran. See DeYoung v. Shinseki, No. 10-3903, 2012 U.S. App. Vet. Claims LEXIS 1428, at *13 (Vet. App. July 12, 2012) (noting that "personality disorders are not diseases or injuries for disability compensation purposes except where they are 'proximately due to or the result of a service-connected disease or injury . . . .'").

The Board also acknowledges that the Veteran's reference to 38 C.F.R. § 4.127 (2017) is clearly erroneous. This regulation only involves awarding service connection for a coexisting mental disease (i.e., an acquired psychiatric disability) that is superimposed on a personality disorder, which does not apply to the facts of this case because the Veteran does not have a competently and credibly diagnosed acquired psychiatric disability; he only has the claimed personality disorder. See 38 C.F.R. § 4.127 (2017); see also Board Decision, 2-4 (Mar. 7, 2018) (acknowledging that the previous denials of service connection for acquired psychiatric disabilities remain in force). 

To the extent that the Veteran believes that the personality disorder and its attendant symptoms diagnosed during service qualify as an in-service manifestation of psychiatric problems implicating the presumption of soundness, he is mistaken. See Motion for Reconsideration, 10 (Apr. 2, 2018). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has explained that 38 U.S.C. § 1111 grants Veterans a statutory presumption of soundness only "for the purposes of section 1110," which only provides compensation for an "injury" or "disease" contracted or aggravated in the line of duty. See Morris v. Shinseki, 678 F.2d 1346, 1354 (Fed. Cir. 2012). Whereas 38 C.F.R. §§ 3.303, 4.9 validly exclude personality disorders from the scope of 38 U.S.C. § 1110, the presumption of soundness simply does not come into play. See id.; see also 38 C.F.R. § 3.303(c) (2017) ("personality disorders . . . are not diseases or injuries within the meaning of applicable legislation"); see also 38 C.F.R. § 4.9 (2017) ("personality disorder and mental deficiency are not diseases or injuries in the meaning of the applicable legislation for disability compensation purposes. . ."); see also Morris, 678 F.3d at 1356 (holding that "personality disorders are not diseases within the meaning of § 1110 and thus . . . the Veterans Court did not err in holding the presumption of soundness inapplicable"). Therefore, because in-service personality disorder symptoms do not implicate the presumption of soundness, and because the scope of this appeal does not encompass any additional claimed acquired psychiatric disabilities (those were previously denied in the June 2017 final Board decision), the Board finds that the presumption of soundness is inapplicable in this case. See, e.g., Bates v. Shulkin, No. 16-0685, 2017 U.S. App. Vet. Claims LEXIS 904 (Vet. App. June 21, 2017) (persuasive authority). 

The Board reiterates that a threshold requirement for the granting of secondary service connection is evidence of a current disability. See Allen v. Brown, 7 Vet. App. 439 (1995). In the absence of a current disability, there can be no valid claim. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Whereas the aggravation of a personality disorder is not considered a disability for VA purposes, the Board must find that the threshold secondary service connection element has not been met; consequently, the claim must be denied as a matter of law. See 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310, 4.9, 4.127 (2017); Brammer, 3 Vet. App. at 225; Morris, 678 F.3d at 1356; Winn v. Brown, 8 Vet. App. 510, 516 (1996); Alemany v. Brown, 9 Vet. App. 418 (1996).

 
ORDER

Secondary service connection for schizoid personality disorder is denied. 



______________________________________________
H.M. WALKER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs