LANCE, Judge,
concurring in part and dissenting in part:
I concur with the result reached by the majority pertaining to the first debt in the amount of $2,366, but because I believe the Court should affirm the Board’s decision with regard to the second, $12,347 debt, I must respectfully dissent. In an analysis reminiscent of Coburn v. Nicholson, 19 Vet.App. 427 (2006), the majority manufactures confusion where none exists and assumes the role of the appellant’s co-counsel by fashioning a new argument for the appellant to justify a remand. Although the majority finds the $12,347 debt to be interrelated with the $2,366 debt such that a remand is required, I find the record clearly establishes that these debts are separate and distinct. A review of the audit provided to the appellant by VA in February 2002 shows how both debts were calculated. R. at 67-68. In July 1999, VA informed the appellant that it had received information of unreported income that she had received and proposed to reduce her award of benefits. R. at 25. The VA audit of benefits shows that, from February 1, 1996, through January 30, 1997, the appellant received $3,736 from VA in benefits. R. at 68. Yet, based upon unreported additional income earned during that time, the appellant was entitled to receive only $1,370. Id. Accordingly, VA calculated an overpayment of $2,366 ($3,736— $1,370) for benefits received between February 1996 and January 1997. VA duly notified the appellant of this overpayment in November 1999. R. at 25. Then, after an income verification was completed against the appellant’s Social Security number in June 2000 (R. at 55, 67), additional unreported income was discovered, and for the period between February 1, 1997, and June 30, 2000, VA calculated that the appellant was entitled to no benefits. However, VA had paid the appellant a total of $12,347 between February 1997 and June 2000, creating a second overpayment of $12,347. R. at 68. After this second overpayment was calculated, a letter was sent to the appellant on June 29, 2000. R. at 41. The letter stated that, given this additional income, the appellant had not been eligible to receive any benefits since February 1, 1997, and an overpayment had been created. Id.
Accordingly, it is quite apparent that there are two debts arising from two separate and distinct time periods. The first debt was calculated on unreported income earned from February 1, 1996, through January 30, 1997. R. at 68. The second debt was calculated on additional unreported income earned from February 1, 1997, through June 30, 2000. Id. In relation to the appellant’s May 2000 submissions to VA, she did not even have notice of the $12,347 debt until after June 29, 2000, well after her May 2000 letters were submitted to VA. In fact, VA reported that it did not even discover the $12,347 debt until June 2000. R. at 55. When the appellant submitted the May 2000 letters to VA, she had no notification of the amount of the second debt, the time period during which it was created, nor the additional reported income on which this second debt was calculated. Hence, even if the May 2000 submissions are construed as waiver requests as to the $2,366 debt, such letters cannot also serve as waiver requests for the $12,347 debt, a separate debt not yet calculated by VA in May 2000. Therefore, the $12,347 debt is not intertwined with the *63 $2,366 debt such that a remand is appropriate. See Smith v. Gober, 236 F.3d 1370, 1372 (Fed.Cir.2001) (in the interest of judicial economy and avoidance of piecemeal litigation, two claims sufficiently intertwined should be considered together).
Moreover, the appellant does not assert that she did not receive notice of the $12,347 debt. The statute and the regulation governing the waiver of indebtedness clearly require that a request for a waiver be received within 180 days from the date on which notice was sent to the payee. 38 U.S.C. § 5302(a); 38 C.F.R. § 1.963(b)(2). There is a presumption of regularity such that “ ‘it is presumed that government officials have properly discharged their official duties.’ ” McCullough v. Principi, 15 Vet.App. 272, 275 (2001) (quoting Ashley v. Derwinski, 2 Vet.App. 307, 308 (1992)). This presumption can only be rebutted by the submission of “ ‘clear evidence to the contrary.’” Id. (quoting Ashley, 2 Vet.App. at 309). The Board determined that the July 2000 notification of the $12,347 debt was mailed to the appellant, and the regularity of that mailing was presumed. R. at 4. The Board also noted that the appellant did not assert that the notification did not occur. Id. Although a copy of the July 2000 letter has apparently been lost, the Secretary provided a computer-generated document showing that the July 2000 notice was sent to the appellant at her correct address. R. at 70-73. Also, before the Court in 2004, the appellant stated • in her brief that she “does not dispute that [the July 2000] notification was sent to her.” At oral argument the appellant conceded that she did receive the July 2000 notice, but could not recall exactly when she received it. This does not constitute clear evidence that VA failed to mail the July 2000 notice and the presumption has not been rebutted. See McCullough, 15 Vet.App. at 275.
Based upon her assertion that her May 2000 letters to VA were requests for a waiver of the $2,366 indebtedness, the appellant clearly understood the process of filing a waiver request, but failed to do so regarding the $ 12,347 debt until 415 days later, on August 22, 2001, long after the 180 days to file such a request had expired. In this case, the appellant created an overpayment of benefits by inaccurately reporting her income, filed a request for a waiver of this overpayment 235 days beyond the time statutorily allotted for such a request, and failed to convince me that the law entitles her to have her waiver request reconsidered by the Board at this late date.
For these reasons, I would affirm the Board’s denial of the appellant’s request for waiver of the $12,347 overpayment as the request was not received within 180 days after VA notified her of the indebtedness. Noncompliance by the appellant with 38 U.S.C. § 5302(a) should not result in a penalty to the public fisc and to taxpayers.