*36 LANCE, Judge,
with whom KASOLD, Chief Judge, and HAGEL, Judge, join, concurring in part and dissenting in part:
In addition to the views expressed by my dissenting colleagues on the issue of § 3.156(c), I dissent from the majority’s decision to remand the ripe legal question of § 3.156(c)’s application to this case based on the facts as found by the Board, a question for which Mr. Pacheco explicitly seeks an answer in his favor. See Appellant’s Response to Appellee’s Motion for Full Court Review at 2 (“If, however, this Court decides to engage in Full Court Review, Mr. Pacheco respectfully requests that this Court exercise its authority to decide whether Mr. Pacheco is entitled to an earlier effective date of 1974 under 38 C.F.R. § 3.156(c) — he is.”). Although “[expediency may tip the scales when arguments are nicely balanced,” Woolford Realty Co., Inc. v. Rose, 286 U.S. 319, 330, 52 S.Ct. 568, 76 L.Ed. 1128 (1932), in this case, “[ijnaction without more is not tantamount to choice.” Richard v. Credit Suisse, 242 N.Y. 346, 351, 152 N.E. 110 (1926).
Absent a cognizable theory from the majority as to how § 3.156(c) could ever operate so as to provide an earlier effective date in the face of a final agency decision that considered the relevant service records, the Court does nothing more here than perpetuate the hamster wheel, asking the Board to spin it unnecessarily in the search for an earlier effective date that cannot exist as a matter of law. See Coburn v. Nicholson, 19 Vet.App. 427, 434 (2006) (Lance, J., dissenting) (noting that an unnecessary remand “perpetuates the hamster-wheel reputation of veterans law”); see also Michael P. Allen, Significant Developments in Veterans Law (2004-2006) and What They Reveal About the U.S. Court of Appeals for Veterans Claims and the U.S. Court of Appeals for the Federal Circuit, 40 U. Mich. J.L. Reform 483, 514 (2007) (noting that, “Congress created the Court to bring uniformity, transparency, and cohesion to veterans law through judicial review of executive action” and that the Court “was intended to be a ‘lawgiver’ in an area that had,' historically, been immune from such common lawmaking”).