Citation Nr: 1528173 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-26 316 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to an initial compensable rating for pulmonary asbestosis.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. Mainelli, Counsel



INTRODUCTION

The Veteran had active service from September 1956 to August 1958.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in October 2011 by the Department of Veterans Affairs (VA), Regional Office (RO), in Lincoln, Nebraska, which granted service connection and assigned a non-compensable (zero percent) disability rating for pulmonary asbestosis.

The Board remanded the case in February 2014, September 2014 and January 2015 to the Agency of Original Jurisdiction (AOJ) (in this case, the RO).

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

Unfortunately, although the Board is reluctant to contribute to the unfortunate "hamster-wheel reputation of Veterans laws," the appeal is again REMANDED again to the AOJ. Cf. Coburn v. Nicholson, 19 Vet. App. 427, 434 (2006) (Lance, J., dissenting) (finding that repeated remands "perpetuates the hamster-wheel reputation of Veterans law"). VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that his service-connected pulmonary asbestosis is more disabling than initially evaluated. Having reviewed the record evidence, and although the Board is aware that there have been 3 prior remands in this appeal and regrets any additional delay which may be caused, another remand is necessary. 

The Board notes initially that VA's duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4); Duenas v. Principi, 18 Vet. App. 512 (2004); Robinette v. Brown, 8 Vet. App. 69 (1995); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The Board next notes that the Veteran's service-connected pulmonary asbestosis, which is manifested by calcified bilateral pleural plaques consistent with asbestos exposure, is rated by analogy to asbestosis. See 38 C.F.R. § 4.97 Diagnostic Code 6833. Asbestosis is rated pursuant the general rating formula for interstitial lung disease. A 10 percent rating applies when there is Forced Vital Capacity (FVC) of 75 to 80 percent predicted, or a diffusion capacity of carbon monoxide (DLCO) of 66 to 80 percent predicted. A 30 percent rating applies when there is FVC of 65 to 74 percent predicted, or DLCO of 56 to 65 percent predicted. A 60 percent rating applies when there is FVC of 50 to 64 percent predicted or DLCO of 40 to 55 percent predicted, or maximum exercise capacity of 15 to 20 ml/kg/min. oxygen consumption with cardiorespiratory limitation. A rating of 100 percent applied when there if FVC less than 50 percent predicted, DLCO less than 40 percent predicted, maximum exercise capacity of less than 15 ml/kg/min. oxygen consumption with cardiorespiratory limitation, cor pulmonale or pulmonary hypertension, or when outpatient oxygen therapy is required. Id. Post-bronchodilator results are used for rating purposes unless the post-bronchodilator results are worse than the pre-bronchodilator results. 38 C.F.R. § 4.96(d)(5).

The Veteran also has respiratory disability due to nonservice-connected chronic obstructive pulmonary disorder (COPD) and emphysema. In general, the Board is precluded from differentiating between symptomatology attributed to a nonservice-connected disability and a service-connected disability in the absence of medical evidence which does so. See Mittleider v. West, 11 Vet. App. 181, 182 (1998). 

The Board remanded this appeal to the AOJ in February 2014 and in September 2014. In October 2014, a VA examiner provided an addendum opinion which reviewed the Veteran's pulmonary function tests (PFTs) performed in August 2013 and February 2014. The Veteran's PFTs reported lung diffusion capacity measurements using two different methods of FVC and DLCO. The October 2014 VA examiner provided a rationale as to why a repeated PFT had not been necessary during the May 2014 VA examination. He found that the May 2014 VA examination relied on the February 2014 PFT findings of FVC 95.6% and DLCO of 41.7. The October 2014 VA examiner also found that a September 2014 PFT showed FVC 107.9% and DLCO of 41.1. This examiner opined that "[o]f the FVC vs DLCO findings, at this point, his FVC appears to be the more accurate reflection of his level of disability." The October 2014 VA examiner did not provide a rationale for his opinion in selecting one lung diffusion capacity testing (FVC) measure over the other (DLCO), however. 

In September 2015, the Board remanded this claim for an addendum opinion requesting the VA examiner to "provide a complete rationale for any opinion which indicates that either the Veteran's FVC or DLCO findings most accurately reflect the level of disability that he experiences from his service-connected pulmonary asbestosis." See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008); see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that a medical opinion must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions).

In an addendum opinion dated April 2015, a VA examiner explained that the Veteran's FVC findings most accurately reflected his level of disability due to pulmonary asbestosis and that his DLCO measurement would be more representative of his nonservice-connected COPD/emphysema based on "all medical information taken into account" as well as the Veteran's "severe COPD." 

Unfortunately, the Board finds that the April 2015 addendum opinion failed to provide a medical rationale for the determination that the Veteran's DLCO finding, which is recognized as a criterion for rating asbestosis under DC 6833, is fully attributable to nonservice-connected cause. The Board further observes that the Veteran has been prescribed home oxygen therapy due to hypoxemia which, according to a VA clinician in February 2014, did not appear to be fully attributable to the Veteran's "mild" obstruction found on his PFTs.


Based upon the above, the Board finds that an additional addendum opinion by a different physician should be obtained for clarification as to whether it is possible to distinguish the symptoms associated with the nonservice-connected COPD/emphysema from those associated with the service-connected asbestos-related pleural disease.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and his service representative and ask him to identify all VA and non-VA clinicians who have treated him for pulmonary asbestosis since his service separation. Advise the Veteran not to resubmit any records previously submitted to VA. Obtain all VA treatment records which have not been obtained already, to include any records dated since April 2015 which may be available from the VA Medical Center in Omaha, Nebraska. Once signed releases are received from the Veteran, obtain all private treatment records which have not been obtained already. A copy of any records obtained, to include a negative reply, should be included in the claims file.

2. Forward the claims file and a copy of this REMAND to different VA examiner (i.e., not the physician who examined the Veteran in August 2011 and provided addendum opinions in May 2014, October 2014 and April 2015). The Veteran's claims folder (Virtual VA and VBMS) must be made available to the examiner for review.

The VA examiner is requested to describe and clarify whether the Veteran's service-connected pulmonary asbestosis, which is manifested by calcified bilateral pleural plaques consistent with asbestos exposure, results in any respiratory impairment and, if so, describe the symptomatology attributable to service-connected pulmonary asbestosis. 

The examiner also must attempt to distinguish the Veteran's symptoms due to nonservice-connected COPD/emphysema from his asbestosis-related pleural disease. If the symptoms cannot be differentiated, the physician should explain why this is so. Specifically, the examiner should comment as to whether the Veteran's medications and treatment, including home oxygen therapy, are for COPD/emphysema symptoms, asbestos-related pleural disease, or a combination of the two. If possible, the examiner should explain the differences in symptoms between COPD and asbestosis-related pleural disease. Finally, the examiner should explain whether the FVC and DLCO values are indicative of impairment due to asbestosis-related pleural disease, impairment due to COPD, or a combination of the two.

A complete rationale must be provided for any requested opinion(s). If any requested opinion cannot be provided without resorting to speculation, then the VA examiner should explain why.

3. Review all evidence received since the last prior adjudication and readjudicate the Veteran's claim. If the determination remains unfavorable to the Veteran, then the AOJ should issue a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issue. An appropriate period of time should be allowed for response by the Veteran and his service representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL T. OSBORNE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).