Citation Nr: 1528179 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 08-14 634 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of service connection for a low back disability.

2. Entitlement to service connection for bursitis.

3. Entitlement to service connection for a disability manifested by lumps in the breasts.

4. Entitlement to service connection for osteoarthritis in the cervical spine.


REPRESENTATION

Appellant represented by: John S. Berry, Attorney



ATTORNEY FOR THE BOARD

Michael T. Osborne, Counsel


INTRODUCTION

The Veteran had active service from January 1979 to June 1981 and from July 2004 to September 2004. 

This appeal has a long procedural history. It comes before the Board of Veterans' Appeals on appeal from June 2006, June 2007, February and July 2008, July 2012, and March and May 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico. 

In September 2010, the Board remanded, in pertinent part, the Veteran's service connection claims for lumps in the breast and for osteoarthritis of the cervical spine to the Agency of Original Jurisdiction (AOJ) for additional development. In October 2013 and in December 2014, the Board remanded all of the Veteran's currently appealed claims to the AOJ for additional development.

Unfortunately, as is explained below, the case is REMANDED again to the AOJ. Cf. Coburn v. Nicholson, 19 Vet. App. 427, 434 (2006) (Lance, J., dissenting). VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that new and material evidence has been received sufficient to reopen her previously denied service connection claim for a low back disability. She also contends that she incurred bursitis, a disability manifested by lumps in her breasts, and osteoarthritis of the cervical spine during active service. Having reviewed the record evidence, the Board reluctantly concludes that yet another remand is required before the underlying claims can be adjudicated on the merits.

With respect to the Veteran's request to reopen the previously denied service connection claim for a low back disability and her service connection claim for bursitis, the Board notes that, in its December 2014 remand, it directed the AOJ to issue a Statement of the Case (SOC) to the Veteran and her attorney on these claims. See Board remand dated December 23, 2014, at pp. 39-40; see also Manlincon v. West, 12 Vet. App. 238, 240-241 (1999). To date, however, the AOJ has not issued an SOC to the Veteran and her attorney on these claims. As the Board noted in December 2014, it currently does not have jurisdiction over these claims. And the Veteran, through his attorney, continues to request that an SOC be issued on these claims. Thus, the Board finds that, on remand, the AOJ must issue an SOC on the Veteran's request to reopen the previously denied service connection claim for a low back disability and her service connection claim for bursitis.

With respect to the Veteran's service connection claims for a disability manifested by lumps in the breasts and for osteoarthritis of the cervical spine, the Board notes that, in its December 2014 remand, it directed the AOJ to obtain addendum opinions concerning the contended etiological relationships between these disabilities and the Veteran's active service. See Board remand dated December 23, 2014, at pp. 44-45. The AOJ requested that these addendum opinions be provided on a VA Form 21-2507a dated on May 26, 2015, after this appeal was re-certified to the Board for appellate review in April 2015. Unfortunately, it is not clear from a review of the Veteran's VBMS electronic paperless claims file whether these opinions have been provided. Thus, on remand, the Board finds that the AOJ should attempt to obtain these opinions.

In Stegall v. West, 11 Vet. App. 268 (1998), the Court held that a remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. The AOJ should not have returned the case to the Board without complying with the December 2014 remand instructions. 




Accordingly, the case is REMANDED for the following action:

1. As requested in the Board's December 2014 remand, issue a Statement of the Case (SOC) to the Veteran and her attorney on the issues of whether new and material evidence has been received to reopen a claim of service connection for a low back disability and entitlement to service connection for bursitis. A copy of any SOC issued should be included in the claims file. These claims should be returned to the Board for further appellate consideration only if the Veteran perfects a timely appeal.

2. Obtain copies of the completed VA opinions and/or examinations that were requested on a VA Form 21-2507a dated on May 26, 2015. All efforts to obtain these records should be documented in the claims file.

3. Once obtained, review the completed VA opinions and/or examination reports that were requested on a VA Form 21-2507a dated on May 26, 2015, in order to ensure that these opinions and/or examination reports are in substantial compliance with the Board's December 23, 2014, remand directives. If not, please take appropriate corrective action. See Stegall v. West, 11 Vet. App. 268 (1998).

4. Review all evidence received since the last prior adjudication and readjudicate the Veteran's claims. If the determination remains unfavorable to the Veteran, then the RO should issue a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issues. An appropriate period of time should be allowed for response by the Veteran and her attorney. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).