﻿Citation Nr: AXXXXXXXX
Decision Date: 08/28/19 Archive Date: 08/28/19

DOCKET NO. 190724-14225
DATE: August 28, 2019

ORDER

Readjudication of the claims for service connection for bilateral hearing loss and tinnitus is warranted.

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. In an April 2005 rating decision, the Department of Veterans Affairs (VA) Regional Office (RO) denied entitlement to service connection for bilateral hearing loss and tinnitus. Although the Veteran was notified of the RO’s decision and his appellate rights in an April 2005 letter, he did not perfect an appeal within the applicable time period, nor was new and material evidence received within one year of issuance of that decision. 

2. New evidence was received after the April 2005 denial that is relevant to the issues of entitlement to service connection for bilateral hearing loss and tinnitus. 

3. The evidence is at least evenly balanced as to whether the Veteran’s bilateral hearing loss is related to in-service acoustic trauma.

4. The evidence is at least evenly balanced as to whether the Veteran’s tinnitus is related to in-service acoustic trauma.

CONCLUSIONS OF LAW

1. The April 2005 rating decision denying service connection for bilateral hearing loss and tinnitus is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.

2. The criteria for readjudicating the claims for service connection for bilateral hearing loss and tinnitus have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501, 19.2(a)-(b). 

3. With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.385.

4. With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1956 to August 1960.

The Board notes that the rating decision on appeal was issued in April 2019 and is subject to the Appeals Modernization Act (AMA). 84 Fed. Reg. 138, 169 (Jan. 18, 2019); 38 C.F.R. § 19.2.

In January 2019, the Veteran submitted evidence with his legacy system petition to reopen his claims for service connection for bilateral hearing loss and tinnitus. In an April 2019 AMA rating decision, the RO continued and confirmed the previously denied claims for entitlement to service connection for bilateral hearing loss and tinnitus. In a May 2019 Decision Review Request: Supplemental Claim (VA Form 20-0995), the Veteran elected to appeal the RO’s decision via the Supplemental Review lane in accordance with the AMA. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501.

In June 2019, after Supplemental Review, the RO denied service connection for bilateral hearing loss and tinnitus based on a lack of new and relevant evidence in both claims. Id. In a July 2019 Decision Review Request: Board Appeal (notice of disagreement) (VA Form 10182), the Veteran timely appealed that decision to the Board in July 2019 and requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202.

The Board is bound by the favorable findings identified by the RO in its June 2019 rating decision. Specifically, favorable findings included the Veteran’s DD 214 indicating his military occupational specialty of an aircraft mechanic, and the March 2019 VA examination indicating the Veteran’s recurrent tinnitus. 38 C.F.R. § 3.104(c).

Whether new and relevant evidence was presented to warrant readjudicating the April 2005 claims for service connection for bilateral hearing loss and tinnitus. 

The Veteran contends that he submitted evidence with his legacy system petition in January 2019 to reopen claims for service connection for bilateral hearing loss and tinnitus that is new and relevant and warrants readjudication of the issue. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. §§ 3.156(d), 3.2501(a)(1). New evidence means existing evidence not previously submitted to agency decisionmakers. 38 C.F.R. § 3.2501(a)(1). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. Id. 

The question in this case is whether the Veteran submitted evidence after the prior final denial of his claim for service connection for bilateral hearing loss and tinnitus in the legacy system, and if so, whether that evidence is new and relevant to his claims. 

The Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to his claims. The Veteran submitted a private medical nexus opinion in regard to his bilateral hearing loss and tinnitus in October 2018, after the April 2005 prior final legacy rating decision. The private medical opinion was not already of record and may prove or disprove the nexus element of the claims for service connection for bilateral hearing loss and tinnitus. Readjudication of the claims is therefore warranted.

Entitlement to service connection for bilateral hearing loss is granted.

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. See Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in-service. 38 C.F.R. § 3.303(d).

A hearing loss disability is defined for VA compensation purposes using audiologic testing involving puretone frequency thresholds and speech discrimination criteria. 38 C.F.R. § 3.385. For purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz (Hz) is 40 decibels (dB) or greater; or when the auditory thresholds for at least three of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hz are 26 dB or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. Id.

The Veteran contends in his September 2018 statement that he was exposed to loud noises in the service as an aircraft mechanic and experienced bilateral hearing loss in-service and since his discharge from service. In-service acoustic trauma has been conceded. The Veteran’s service treatment records and separation exam do not show signs of bilateral hearing loss in-service.

Based on the March 2019 VA hearing examination, the Veteran has met the governing regulatory threshold for bilateral hearing loss set out in 38 C.F.R. § 3.385. He scored a 92 percent in his right ear and a 96 percent in his left ear on the Maryland CNC test, but met the criteria for a current disability of bilateral hearing loss for VA purposes with his auditory threshold results:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 90 75 85 90 90

LEFT 90 85 85 90 90

Therefore, the evidence of record establishes that the Veteran currently has a bilateral hearing loss disability under VA regulations. 38 C.F.R. § 3.385.

Moreover, the Veteran is competent to report the onset and persistent nature of his hearing loss symptoms. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (a layperson is competent to report a contemporaneous medical diagnosis). There is nothing in the evidence of record to indicate that the Veteran’s statements as to the onset of his bilateral hearing loss in-service and its continuous or recurrent nature since service are not credible. Thus, the Veteran’s lay statements in regard to experiencing bilateral hearing loss in-service with continuous symptoms since service are credible.

The March 2019 VA examiner provided the opinion that the Veteran’s bilateral hearing loss was less likely than not (50% probability or greater) caused by or a result of an event in military service. The examiner explained that the Veteran’s service discharge audiogram indicated normal hearing, which was objective evidence of no permanent auditory damage on active duty from conceded noise. The examiner also noted that there were no reports of complaint/treatment for hearing decrease in the Veteran’s service treatment records or at separation.

The March 2019 VA examiner’s opinion is of minimal probative value with respect to providing a negative nexus to active military service. In this regard, the absence of a bilateral hearing loss disability in-service is not in and of itself fatal to a claim for service connection for bilateral hearing loss, particularly when lay evidence, when credible, is competent to establish the presence of continuous symptoms for a claimed disability during and since separation from military service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993) (the absence of hearing loss disability in service is not in and of itself fatal to a claim for service connection for bilateral hearing loss disability).

The Veteran provided an October 2018 positive nexus opinion from a private audiologist regarding his bilateral hearing loss and its connection to active military service. Specifically, the private audiologist reviewed the Veteran’s military history, to include his medical history while in-service, and opined that the Veteran’s bilateral hearing loss is related to the acoustic trauma he experienced in-service. While the audiologist relied on the service history provided by the Veteran, the discounting of a medical opinion that relied on service history provided by the veteran is only warranted in certain circumstances, none of which are present here. See Coburn v. Nicholson, 19 Vet. App. 427, 432-433 (2006) (reliance on the service history provided by the veteran only warrants the discounting of a medical opinion in certain circumstances, such as when the opinions are contradicted by other evidence in the record or when the Board rejects the statements of the veteran). As there is no contradictory evidence or diminished credibility of the Veteran’s lay statements regarding his in-service noise exposure and continuous symptoms of hearing loss, the private medical opinion relating the Veteran’s hearing loss to his in-service acoustic trauma is of significant probative weight.

For the reasons set forth above, the evidence is at least in relative equipoise as to whether the Veteran’s bilateral hearing loss is related to in-service acoustic trauma. As the reasonable doubt created by the relative equipoise in the evidence must be resolved in favor of the Veteran, service connection is warranted for bilateral hearing loss. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

Entitlement to service connection for tinnitus is granted.

The Veteran contends he experienced ringing in his ears in-service and since his discharge from service.

In regard to the establishment of a current disability, tinnitus is a disability for which a lay person may offer a competent diagnosis. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (“ringing in the ears is capable of lay observation”). Therefore, as the Veteran is competent to report a ringing in his ears, a current disability has been established.

The March 2019 VA examiner found no evidence of tinnitus treatment or complaint in the Veteran’s service treatment records and no report of a specific noise event or injury on active duty that initiated tinnitus. In addition, the VA examiner found there were no reports of tinnitus at the Veteran’s separation from service. As a result, the VA examiner opined it was less likely than not (50% probability or greater) that the Veteran’s tinnitus was caused by or a result of military noise exposure.

The March 2019 VA examiner’s opinion is inadequate as it relied in part on the lack of reports of tinnitus in the service treatment records. Buchanan v. Nicholson, 451 F.3d 1331, 1336, n. 1 (Fed. Cir. 2006) (VA’s examiner’s opinion, which relied on the absence of contemporaneous medical evidence, “failed to consider whether the lay statements presented sufficient evidence of the etiology of [the veteran’s] disability such that his claim for service connection could be proven without contemporaneous medical evidence”).

The Veteran provided an October 2018 positive nexus opinion from a private audiologist regarding his tinnitus and its connection to active military service. Specifically, the private audiologist reviewed the Veteran’s military history, to include his medical history while in-service, and opined that the Veteran’s tinnitus is related to the acoustic trauma he experienced in-service. While the private audiologist relied on the service history provided by the Veteran, the discounting of a medical opinion that relied on service history provided by the veteran is only warranted in certain circumstances, none of which are present here. See Coburn, 19 Vet. App. at 432-433 (reliance on the service history provided by the veteran only warrants the discounting of a medical opinion in certain circumstances, such as when the opinions are contradicted by other evidence in the record or when the Board rejects the statements of the veteran). As there is no contradictory evidence or diminished credibility of the Veteran’s lay statements regarding his in-service noise exposure and continuous symptoms of tinnitus, the private medical opinion relating the Veteran’s tinnitus to his in-service acoustic trauma is of significant probative weight.

The Veteran’s statements indicating he experienced ringing in his ears in-service and since his military service are competent and credible. See Jandreau, 492 F.3d at 1376-77 (the Veteran is competent to report factually observable occurrences in-service and the timing of the observable symptoms of his disability). As the Veteran’s lay statements regarding his tinnitus are competent and credible, the lack of reports of tinnitus in the Veteran’s service treatment records or at his separation exam are not fatal to the Veteran’s service connection claim. See Buchanan v. Nicholson, 451 F.3d at 1336 (“If the Board concludes that the lay evidence presented by a veteran is credible and ultimately competent, the lack of contemporaneous medical evidence should not be an absolute bar to the veteran’s ability to prove his claim of entitlement to disability benefits based on that competent lay evidence”). 

(Continued on the next page)

 

For the reasons set forth above, the evidence is at least in relative equipoise as to whether the Veteran’s tinnitus is related to in-service acoustic trauma. As the reasonable doubt created by the relative equipoise in the evidence must be resolved in favor of the Veteran, service connection is warranted for tinnitus. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Styer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § § § 20.1303.