﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191219-49446
DATE: October 30, 2020

ORDER

Entitlement to service connection for left ear hearing loss is granted.

Entitlement to an initial compensable rating for now bilateral hearing loss is denied.

FINDINGS OF FACT

1. The evidence is at least evenly balanced as to whether the Veteran's left ear hearing loss is related to in-service noise exposure.

2. The Veteran demonstrated, at worst, level I hearing acuity in the right ear and level II hearing in the left ear throughout the appeal period.

CONCLUSIONS OF LAW

1. With reasonable doubt resolved in favor of the Veteran, the criteria for entitlement to service connection for left ear hearing loss have been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.6, 3.102, 3.303.

2. The criteria for an initial compensable rating for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.3, 4.7, 4.85, Diagnostic Code (DC) 6100.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1980 to May 1986.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The AMA applies to all claims for which VA issued notice of an initial decision on or after February 19, 2019. 38 C.F.R. §§ 3.2400(a)(1); 19.2(a).

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2019 rating decision from the Department of Veterans Affairs Regional Office (RO). In that decision, the RO, among other things, granted service connection for right ear hearing loss and denied service connection for left ear hearing loss. The RO assigned a noncompensable rating for the right ear disability.

In a December 2019 Decision Review Request: Board Appeal (notice of disagreement) (VA Form 10182), the Veteran timely appealed the initial rating as to his right ear hearing loss as well as the RO’s denial of entitlement to service connection for left ear hearing loss. The Veteran requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202. The Board will therefore review the claim based on the evidence of record at the time of the November 2019 rating decision. 38 U.S.C. § 7113(a); 38 C.F.R. § 20.301. 

1. Service Connection for Left ear hearing loss 

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Hearing loss disability is defined for VA compensation purposes using audiologic testing involving pure-tone frequency thresholds and speech discrimination criteria. 38 C.F.R. § 3.385. For purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz (Hz) is 40 decibels (dB) or greater; or when the auditory thresholds for at least three of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hz are 26 dB or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. Id. 

On the November 2019 VA audiological examination, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 15 25 25 35 50

LEFT 15 25 30 35 50

Maryland CNC speech recognition scores were 92 percent in the right ear and 88 percent in the left ear. Therefore, the evidence of record establishes that the Veteran currently has left ear hearing loss under VA regulations. 38 C.F.R. § 3.385. Also, the RO determined the Veteran is diagnosed with left ear hearing loss and the Board is bound by the RO's favorable finding. 38 C.F.R. § 3.104(c). Thus, the first element of service connection has been met.

As to the in-service injury element, the Veteran’s military occupational specialty (MOS) was an Army combat signaler, as noted on his DD Form 214. Also, the Veteran received a Driver and Mechanic Badge and a Driver Army Achievement Medal. Taken together, the Veteran’s MOS and achievement medals indicate that he was exposed to loud noises in service. Therefore, the Veteran’s claimed noise exposure is consistent with the places, types, and circumstances of service, and is credible and in-service noise exposure is established. See 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a). 

The remaining question is whether a nexus exists between the Veteran’s current left ear hearing loss and his in-service acoustic trauma. 

The November 2019 VA examiner opined that the Veteran’s left ear hearing loss is less likely than not (less than 50 percent) caused by or a result of an event in military service. The November 2019 VA examiner explained that the Veteran did not have hearing loss when he entered or was discharged from the military. The VA examiner referenced an Institute of Medicine (IOM) study which stated that it is unlikely that permanent noise-induced hearing loss will develop later in one’s lifetime long after noise exposure had ceased. 

Although the November 2019 VA examiner rendered the opinion that the Veteran’s current left ear hearing loss was not related to service, such an opinion is of little probative value, as it was based on the absence of in-service evidence of left ear hearing loss. See Hensley v. Brown, 5 Vet. App. 155, 159 (1993); Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992) (the absence of hearing loss disability in service is not in and of itself fatal to a claim for service connection for bilateral hearing loss disability); 38 C.F.R. § 3.303(d) (service connection is warranted in some circumstances for a disease first diagnosed after service). Also, while the Veteran’s audiogram results in the Veteran’s service treatment records (STRs) did not reveal the presence of hearing loss for VA purposes in his left ear, read as whole they suggest an overall trend of decreasing left ear hearing acuity. Therefore, the November 2019 VA examiner's opinion regarding left ear hearing loss is afforded little probative weight.

In a May 2019 letter, a diagnostic consultant, after recounting the Veteran’s noise exposure in service, opined that the Veteran’s left ear hearing loss was at least likely as not directly and causally related to the acoustic trauma he experienced in service. While the diagnostic consultant relied on the service history provided by the Veteran, the discounting of a medical opinion that relied on service history provided by the Veteran is only warranted in certain circumstances, none of which are present here. See Coburn v. Nicholson, 19 Vet. App. 427, 432-433 (2006) (reliance on the service history provided by the veteran only warrants the discounting of a medical opinion in certain circumstances, such as when the opinions are contradicted by other evidence in the record or when the Board rejects the statements of the veteran). Therefore, the May 2019 opinion is entitled to substantial probative weight. 

Given the positive nexus opinion and flawed negative nexus opinion, the evidence is at least evenly balanced as to whether the Veteran's left ear hearing loss is related to in-service acoustic trauma. As the reasonable doubt created by the relative equipoise in the evidence must be resolved in favor of the Veteran, service connection is warranted for left ear hearing loss. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

Rating for Now Bilateral Hearing Loss

Disability evaluations are determined by evaluating the extent to which a Veteran’s service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in VA’s Rating Schedule. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower evaluation will be assigned. 38 C.F.R. § 4.7.

Staged ratings are appropriate for any rating claim when the factual findings show distinct time periods during the appeal period where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505, 510 (2007). 

Hearing loss is evaluated under 38 C.F.R. §§ 4.85, 4.86, DC 6100, Tables VI, VIA, and VII of VA’s rating schedule. The Rating Schedule provides a table for rating purposes (Table VI) to determine a Roman numeral designation (I through XI) for hearing impairment, established by a state-licensed audiologist, including a controlled speech discrimination test (Maryland CNC), and based upon a combination of the percent of speech discrimination and the puretone threshold average, which is the sum of the puretone thresholds at 1000, 2000, 3000, and 4000 Hertz divided by four. 38 C.F.R. § 4.85. Table VII is used to determine the percentage evaluation by combining the Roman numeral designations for hearing impairment of each ear. The horizontal row represents the ear having the poorer hearing and the vertical column represents the ear having the better hearing. Id.

On the November 2019 VA audiological examination, pure tone thresholds, in decibels, were as follows: 

 HERTZ 

 1000 2000 3000 4000 Average

RIGHT 25 25 35 50 34

LEFT 25 30 35 50 35

Maryland CNC speech recognition scores were 92 in the right ear and 88 in the left ear. 

With application of the November 2019 test results to 38 C.F.R. § 4.85, Table VI, the Veteran’s right ear hearing loss is assigned a numeric designation of I while the left ear hearing loss is assigned a numeric designation of II. With application of the November 2019 test results to Table VII, the Veteran’s bilateral hearing loss warrants a noncompensable rating. 

In Martinak v. Nicholson, 21 Vet. App. 447 (2007) the Court of Veterans Appeals (Court) addressed a challenge to VA’s audiological testing practices, specifically, whether VA’s policy of conducting all audiometry testing of hearing-loss claimants in a sound-controlled room was valid. The Court also addressed the requirements for an adequate VA audiological examination report. The Court upheld VA’s policy of conducting audiometry testing in a sound-controlled room. The Court also held that, in addition to dictating objective test results, a VA audiologist must fully describe the functional effects caused by a hearing disability in his or her final report. The Veteran reported to November 2018 VA examiner that the functional impact of his hearing loss included difficulty hearing others at work asking others to repeat themselves in conversations. Therefore, the examination reports complied with Martinak.

The Veteran contends that his current bilateral hearing loss presented a greater degree of impairment than currently assigned. The Veteran is competent to report the symptoms of his hearing disability and the Board has no legitimate basis to challenge the credibility of his contentions. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (2007); Buchanan v. Nicholson, 451 F.3d 1331, 1337 (2006). However, the assigned rating for hearing loss is determined by mechanically applying the rating criteria to certified test results. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). Those results reflect that a compensable rating is not warranted.

The Board has considered the Veteran’s claims and decided entitlement based on the evidence. The Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, with respect to the claims on appeal. See Doucette v. Shulkin, 28 Vet. App. 366, 369-70 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

(Continued on the next page)

 

For the foregoing reasons, the preponderance of the evidence is against an initial compensable rating for right ear hearing loss. The benefit of the doubt doctrine is therefore not for application, and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board James R. Miller, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.